STATE v. LINNIE HAMILTON
AND
STATE v. GARFIELD HAMILTON.

(Filed 8 April, 1959.)

1. **Criminal Law § 120—**

  The court, in the exercise of a limited legal discretion, may refuse to accept a verdict only when the verdict is incomplete, imperfect, insensible, repugnant or non-responsive to the issues or indictment.

2. **Criminal Law §§ 116, 169— Conviction of aider and abettor of graver offense than that of which principal was convicted held to require new trial.**

  In a prosecution of one defendant as a principal and another defendant as an aider and abettor, the jury returned a verdict against the principal of guilty of an assault with a deadly weapon, and against the aider and

abettor of guilty of aiding and abetting an assault with a deadly weapon with intent to kill. The court directed the jury to reconsider its verdict, and instructed it that it could change its verdict either up or down in both cases. Thereafter the jury returned a verdict as to each defendant of guilty of an assault with a deadly weapon with intent to kill. *Held:* The first verdict against the principal, being complete, sensible and responsive to the bill of indictment, should have been accepted by the court, and the cause is remanded as to him for judgment on the first verdict. As to the aider and abettor, there was error in the instruction of the court and a new trial must be awarded.

APPEAL by defendants from *Preyer, J.,* at October Criminal Term of 1958 of ASHE.

Criminal prosecutions upon two bills of indictment, Numbers 2180 and 2186, respectively, charging each with the offense of assault upon one Jake Garrett with a deadly weapon, to wit: a pistol, with intent to kill, inflicting serious bodily injury, not resulting in death, to his great damage, by consent consolidated for purpose of trial.

Defendants each pleaded not guilty.

Upon the trial in Superior Court the State offered evidence tending to support the charge against each defendant,—the defendant Garfield Hamilton with the actual shooting of Jake Garrett, inflicting injury to his spinal cord— resulting in paralysis of his lower extremities; and the defendant Linnie Hamilton, present aiding and abetting Garfield. The defendants each testified as to his version of the incident,— defendant Garfield that he shot in self-defense, and defendant Linnie that he only acted as peacemaker.

The trial judge charged the jury at some length, terminating with this instruction: "You may return one of three verdicts in each case, (1) You may find each defendant guilty of assault with a deadly weapon with intent to kill, inflicting serious injury, (2) or you may find the defendant in each case guilty of assault with a deadly weapon, that is without the elements of intent to kill and serious injury, or (3) you may find the defendant not guilty in each case." (The numbering is supplied).

The jury, after some deliberation, details of which are not essential, returned into open court in a body, and requested the court to repeat his charge as to what verdicts the jury could return. The court did this. Then the jury retired for further deliberation, and later returned in a body into open court and returned verdict finding "Garfield Hamilton guilty of assault with a deadly weapon, Linnie Hamilton guilty of aiding and abetting of an assault with a deadly weapon with intent to kill."

STATE *v.* HAMILTON.

Thereupon this colloquy between the court and the spokesman for the jury followed:

"Court: Mr. Foreman, I will ask you was it your intention * * * you have returned a verdict as to Linnie Hamilton of aiding and abetting of an assault with a deadly weapon with intent to kill?

"Juror: * * * Yes, sir.

"Court: May I ask you again what your verdict was as to Garfield Hamilton? Juror: Assault with a deadly weapon. Court: Without intent to kill? Juror; Yes."

Thereupon the court, addressing the jury, said: "Members of the jury, I would like to ask you to reconsider your verdict * * * ."

Each defendant objected to reconsideration of the verdict by the jury. Overruled. Exception. No. 1 by each defendant.

And the court continued at some length in reviewing to jury his instructions, and concluded with this: "Gentlemen of the Jury, to sum up the court's instructions, that if you find that the defendant Garfield Hamilton is guilty of assault with a deadly weapon, that is in that event if you find that Linnie Hamilton was guilty of aiding and abetting Garfield Hamilton that your verdict would be as to Linnie Hamilton guilty of aiding and abetting in an assault with a deadly weapon that is, your verdict was returned of guilty of aiding and abetting of assault with a deadly weapon with intent to kill, but the court has instructed you that you cannot find the aider and abettor guilty of more than the principal, so that if you find he aided and abetted Garfield Hamilton your verdict would be guilty of aiding and abetting of an assault with a deadly weapon. The court asks if you would return to your jury room and see if you can arrive at a verdict on the Linnie Hamilton case in that respect."

The defendants object to sending the jury back to jury room to reconsider its verdict. Objection. Overruled. Exception. No. 2 by each defendant.

Whereupon the jury again retired to the jury room for further deliberation. Later the jury returned in a body in open court, when and where the following transpired:

("Juror: * * * If it please your Honor, the jury would like to know if we are allowed to change our verdict either up or down on this? Court: In other words, change your verdict in both cases? Juror: Yes * * * . Court: Members of the jury, the court instructs you that what the verdict is in either of these cases is entirely a matter for you gentlemen to decide. The court has nothing to do with it and the court has no opinion about the case and it would be error for the court to express any opinion, and the court does not express any opinion about

the case and the court instructs you that it is entirely a matter for you gentlemen as to what verdict you return in either of these cases.

"Now the court instructs you that if you misunderstood the form of the verdict in either of these cases that then you have the right to return into the court the verdict you intended to return, and you would have a right to change either of your verdicts accordingly, so that the court will ask you if you will return to your jury room and see if you can reach a verdict in the case.")

Each defendant excepts to all the foregoing set forth in parenthesis. Exception No. 3, by each.

And after further deliberations the jury returned into open court this verdict: "In both cases guilty of assault with a deadly weapon with intent to kill with a plea of mercy for Garfield Hamilton."

Defendants each moved to set aside the verdict on grounds stated, and in each instance the motion was overruled, and each excepted. Numbers 4 and 5.

Then the court pronounced the judgment: That the defendant Linnie Hamilton be confined in the Central Prison for a period of not less than six nor more than ten years; and that the defendant Garfield Hamilton be confined in the Central Prison for a period of not less than four nor more than six years. Each defendant excepts thereto, and appeals therefrom to Supreme Court and assigns error.

*Attorney General Seawell, Assistant Attorney General Harry W. McGalliard for the State.*

*R. F. Crouse for Linnie Hamilton, appellant.*

*Johnston & Johnston for Garfield Hamilton, appellant.*

WINBORNE, C. J.  At the threshold of appeal this question arises: Did the trial court err in refusing to accept the verdict first returned by the jury? Manifestly, (first) as to defendant Garfield Hamilton, the answer is "Yes". See *S. v. Perry*, 225 N.C. 174, 33 S.E. 2d 869, and *S. v. Gatlin*, 241 N.C. 175, 84 S.E. 2d 880, and cases cited.

In the *Perry* case, *supra*, "While a verdict is a substantial right * * * it is not complete until it is accepted by the court for record * * * This does not imply, however, that in accepting or rejecting a verdict the presiding judge may exercise unrestrained discretion. While he should scrutinize a verdict with respect to its form and substance and to prevent a doubtful or insufficient finding from becoming the record of the court, his power to accept or reject the jury's finding is restricted to the exercise of a limited legal discretion." And "when, and only when, an incomplete, imperfect, insensible, or repugnant verdict

or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict."

Testing the verdict first returned as to Garfield Hamilton, it appears to be complete, perfect, sensible and consonant with and responsive to charge contained in the bill of indictment. It is clear and definite in meaning. Therefore defendant Garfield Hamilton had a substantial right to have judgment pronounced in accordance therewith. And for error in this respect, the verdict last returned and the judgment pronounced thereon will be set aside, and the case remanded to Superior Court for proper judgment on the verdict first returned.

Secondly, as to defendant Linnie Hamilton: If it be that the verdict first returned against him were incomplete, defendant contends and we think rightly so there is error in the instruction given in response to the inquiry from the jury as to whether the jury be allowed to change its verdict either up or down in both cases, the subject of Exception 3. Assignment 3.

Thus it seems proper that the verdict secondly rendered and the judgment pursuant thereto be set aside and that the cause be remanded for new trial. *S. v. Gatlin, supra.*

On appeal by Garfield Hamilton—Remanded for Judgment.

On appeal by Linnie Hamilton—New Trial.