STATE v. GERALD CLIFTON FORREST.

(Filed 21 October, 1964.)

Criminal Law § 107—

The charge must be complete within itself, and the defendant and his counsel are entitled to hear the instructions and to have them for review upon appeal, and therefore it is prejudicial error for the court to instruct the jury to take into consideration definitions and instructions which the court had given them in other cases or instructions that they had heard in other cases.

APPEAL by defendant from *Parker, J.,* August 24, 1964 Regular Session, LENOIR Superior Court.

This criminal prosecution originated by warrant from the Recorder's Court, Kinston, North Carolina, which charged that Gerald Clifton Forrest did on April 29, 1964, unlawfully and wilfully operate a motor vehicle upon the public highway while under the influence of intoxicating liquor. From a conviction and judgment in the Recorder's Court,

he appealed to the Superior Court. Upon his plea of not guilty, a jury was impaneled which returned a verdict of guilty. From judgment on the verdict, the defendant appealed.

*T. W. Bruton, Attorney General; James F. Bullock. Assistant Attorney General for the State.*
*C. E. Gerrans, for defendant appellant.*

PER CURIAM. The police officer testified he went to the intersection of Grainger Avenue and McLewean Street in Kinston at 11:25 at night. "Mr. Forrest's car was parked in the intersection. . . . The motor was running and there was steam coming from the engine . . . Mr. Forrest was leaning over the steering wheel, . . . his foot was on the gas pedal, his other foot was on the brake and the car was in gear, what kept it from moving, I don't know. He was leaning over the steering wheel and was asleep. . . . In my opinion he was highly intoxicated."

The defendant's assignment of error based on the refusal of the court to sustain his motion to dismiss at the close of the evidence is not sustained. The defendant assigns as error the following from the court's charge:

> "This defendant is not charged here with operating a motor vehicle upon the public highways while drunk or intoxicated, but he is being charged with having operated a motor vehicle upon the public highways of the State while under the influence of intoxicating beverages. The Court has been over those definitions before, and I think most of you gentlemen have been on the jury, and I think the others have heard the distinction between the two, and the Court instructs you to take that into consideration when you come to make up your verdict."

Every defendant is entitled to have a jury pass on the question of his guilt or innocence. Likewise, he is entitled to have this Court review the trial upon appeal. The trial court must charge the jury as to all material aspects of the offense. The charge must be complete within itself. Hence, it was error for the court to charge the jury to take into consideration the definitions and instructions he had given them in other cases, or instructions they had heard in other cases. Each jury must act and be instructed while functioning as a body, and the defendant and his counsel are entitled to hear the instructions and to have them reviewed here. Patently, this cannot be done if the judge lets the jury consider other instructions in other cases. For this error, the defendant is awarded a

New trial.