STATE OF NORTH CAROLINA v. JAMES BURRIS

No. 6827SC282

(Filed 13 November 1968)

**1. Criminal Law § 124; Assault and Battery § 17— sufficiency of verdict**

The jury's verdict of guilty of assault with a deadly weapon with intent to kill, which was given in response to the clerk's inquiry as to whether the jury found defendant guilty or not guilty of assault with a deadly weapon with intent to kill inflicting serious bodily injury not resulting in death, *is held* complete, sensible and responsive in light of the indictment and the instructions, and the action of the trial court in failing to accept the verdict and instead insisting that the jury reply directly to the inquiry of the clerk is erroneous; consequently, judgment and sentence of seven to ten years entered upon the jury's subsequent reply of guilty to the offense of felonious assault is vacated and the cause remanded for entry of proper sentence not to exceed two years.

**2. Assault and Battery § 5— misdemeanors**

Both assault with a deadly weapon with intent to kill and an assault with a deadly weapon are general misdemeanors. G.S. 14-33.

**3. Criminal Law § 126— acceptance of verdict**

A verdict is a substantial right, and whenever the verdict is complete, sensible and responsive to the bill of indictment, it must be accepted by the court.

**4. Criminal Law § 138— punishment for misdemeanor**

The maximum punishment for a general misdemeanor is two years. G.S. 14-3.

APPEAL by defendant from *Froneberger, J.,* 19 February 1968 Session (3rd week), GASTON Superior Court.

Defendant was charged in a bill of indictment with the felony of assault with a deadly weapon with intent to kill, inflicting serious bodily injury, not resulting in death. It is alleged that the assault was committed on 17 July 1966 upon one John Randleman with a knife. From a verdict of guilty, and judgment of confinement for a period of not less than seven nor more than ten years, the defendant appealed.

*T. W. Bruton, Attorney General, by Andrew A. Vanore, Jr. and Jeff D. Johnson, III, Staff Attorneys, for the State.*

*Horace M. DuBose, III, for the defendant.*

BROCK, J.

The facts are not necessary to an understanding of defendant's principal assignments of error. Suffice it to say that the State's

evidence was sufficient to justify submitting the case to the jury upon the charge contained in the bill of indictment, and the defendant does not contest this.

[1] In his charge to the jury the trial judge adequately and correctly explained the elements of the offense charged, and correctly instructed the jury upon its duties. However, after the jury had retired, His Honor, considering that he had erred in restricting the jury to a verdict of guilty of the offense charged, or to a verdict of not guilty, and in failing to submit to the jury the question of guilt of a lesser included offense, recalled them for further instructions.

After the jury was returned to the courtroom, His Honor instructed:

> "Ladies and gentlemen of the jury, I'm sorry I had to bring you back in. I overlooked one thing in my charge and that is I instructed you there were only two verdicts you could bring in under this evidence and that is guilty or not guilty of assault with a deadly weapon with intent to kill. However, the Court will now instruct you that if you do not find the defendant guilty, or you find the defendant not guilty of assault with a deadly weapon with intent to kill, then it would be your duty to consider whether or not the defendant is guilty of an assault with a deadly weapon."

[2] However inadvertent it may have been, the foregoing instruction relates to two general misdemeanors; an assault with a deadly weapon with intent to kill is a general misdemeanor, G.S. 14-33; *State v. Braxton,* 265 N.C. 342, 144 S.E. 2d 5; and an assault with a deadly weapon is a general misdemeanor, G.S. 14-33; *State v. Weaver,* 264 N.C. 681, 142 S.E. 2d 633. Nowhere is the felony charge referred to in this additional instruction. Then after defining an assault with a deadly weapon, and further explaining the burden of proof the Court continued:

> "Instead of bringing in two verdicts, you could bring in three verdicts: *guilty of assault with a deadly weapon with intent to kill,* or, not guilty; or, *guilty of assault with a deadly weapon,* or, not guilty, or *not guilty* of both of them." (Emphasis added.)

Again the jury was instructed that they might return a verdict of guilty of either of two general misdemeanors, or not guilty.

After the jury had deliberated and returned into Court to announce its verdict, the following transpired:

"CLERK: Members of the jury, have you agreed upon a verdict?

"JUROR: Yes, we have.

"CLERK: How do you find the defendant, guilty or not guilty of assault with a deadly weapon with intent to kill, resulting in serious bodily injury not resulting in death? Do you find the defendant guilty or not guilty of that charge?

"JUROR: We find him guilty of assault with a deadly weapon with intent to kill.

"COURT: Would you stand up again. I want to know how you answered.

"CLERK: Your Honor, they didn't answer the first question I asked. How do you find the defendant, guilty or not guilty of assault with a deadly weapon with intent to kill, resulting in serious bodily injury not resulting in death? Do you find him guilty or not guilty of that charge?

"JUROR: Guilty."

Thereafter the jury was polled and each answered questions as follows:

"CLERK: Your foreman has reported a verdict of guilty of assault with a deadly weapon with intent to kill, resulting in serious bodily injury not resulting in death; was that your verdict?

"JUROR: Yes.

"CLERK: Is that now your verdict?

"JUROR: Yes.

"CLERK: Do you now agree and assent to that verdict?

"JUROR: Yes."

The State argues that this procedure clarified that the jury intended a verdict of guilty of a felonious assault when it first returned a verdict of "guilty of assault with a deadly weapon with intent to kill." We cannot conclude that the jury intended conviction of a felony when its verdict of guilty of a misdemeanor is responsive, complete and sensible.

The trial judge had specifically instructed the jury that they might return a verdict of guilty of a misdemeanor assault, and in his final instruction he stated:

"If you find him guilty of assault with a deadly weapon

with intent to kill, doing serious bodily injury, then you wouldn't answer the second count in the bill of indictment or the lesser crime. All right, you may retire."

[1, 3]   The verdict as first rendered by the jury was a complete, clear, sensible, and responsive verdict, and it could not thereafter change that verdict to a verdict of guilty of a more serious offense. *State v. Hamrick,* 2 N.C. App. 227, 162 S.E. 2d 567. A verdict is a substantial right, and whenever the verdict is complete, sensible and responsive to the bill of indictment, it must be accepted by the court. *State v. Hamrick, supra.*

It may well be that the trial judge intended by his additional instructions to instruct the jury that they might return any one of three possible verdicts: (1) guilty of assault with a deadly weapon with intent to kill inflicting serious bodily injury, not resulting in death; or (2) guilty of assault with a deadly weapon; or (3) not guilty. But this he failed to do. It appears that the action of the judge and the clerk in insisting upon a direct answer to the clerk's first inquiry, may have led the jurors to believe they had done something wrong, and they then answered in a manner that they thought acceptable by the court. We do not feel that coercion was intended; nevertheless, it appears that was the result.

[4]   The offense of an assault with a deadly weapon with intent to kill, a general misdemeanor, is a lesser included offense of the felony charged in a bill of indictment drawn under G.S. 14-32. The maximum punishment for a general misdemeanor is two years. G.S. 14-3.

[1]   In this case the sentence entered by the trial judge was for confinement for a term of not less than seven nor more than ten years. Therefore the judgment entered by the trial court is vacated and this cause is remanded to the Superior Court of Gaston County for entry of a proper sentence not to exceed two years.

Judgment vacated and case remanded.

BRITT and PARKER, JJ., concur.