State v. Robinson

STATE OF NORTH CAROLINA v. WILLIAM CLEVE ROBINSON

No. 7221SC79

(Filed 23 February 1972)

Assault and Battery § 17; Criminal Law § 124— felonious or aggravated misdemeanor assault — jury verdict

The clerk asked the jury if it found "defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury or do you find the defendant guilty of assault with a firearm inflicting serious injury or do you find him not guilty," whereupon the foreman stated, "We find him guilty with intent to kill." The court then asked,

"Do you find him guilty of an assault with a deadly weapon with intent to kill, in that language?" and the foreman answered, "Yes, sir." The jurors answered positively the court's inquiry as to whether that was the verdict of all the jurors, and a sentence of five years was imposed. *Held:* The jury, by omitting the element of inflicting serious injury from its verdict, in effect found defendant guilty of an aggravated assault with a deadly weapon with intent to kill, a misdemeanor punishable by imprisonment not to exceed two years. G.S. 14-33(c).

APPEAL by defendant from *Braswell, Judge,* 9 August 1971 Session of Superior Court held in FORSYTH County.

The defendant, William Cleve Robinson, was charged in a bill of indictment, proper in form, with assaulting one Edward Byrd with a deadly weapon; to wit, a .32-caliber pistol, with intent to kill inflicting serious injury, in violation of G.S. 14-32(a). The defendant pleaded not guilty.

The evidence tends to show that on 22 May 1971, at about 3:45 p.m., the defendant got out of his car near the intersection of Thirtieth and Liberty Streets in Winston-Salem, North Carolina, and fired four shots from a .32-caliber pistol at Edward Byrd. Two of the bullets struck Byrd in the chest inflicting serious injury. Byrd was removed by ambulance to a hospital where he remained for seven days. The court, *inter alia,* instructed the jury as follows:

"In this case, there are three possible verdicts which you are to consider and one of which you are to return. They are first, guilty of an assault with a deadly weapon with intent to kill inflicting serious injury; or guilty of an assault with a firearm inflicting serious injury; or not guilty, according to how you, the jury, find the facts to be."

The verdict returned by the jury is as follows:

"THE CLERK: Members of the jury, have you agreed upon a verdict?

THE JURY FOREMAN: Yes, sir.

THE CLERK: And do you find the defendant guilty of assault with a deadly weapon with intent to kill inflicting serious injury or do you find the defendant guilty of assault with a firearm inflicting serious injury or do you find him not guilty?

THE JURY FOREMAN: We find him guilty with intent to kill.

THE COURT: Do you find him guilty of assault with a deadly weapon with intent to kill, in that language?

THE JURY FOREMAN: Yes, sir.

THE COURT: Is that the verdict of all of you so say you all?

THE JURY: Yes, sir."

After reciting that the jury had found the defendant guilty of an assault with a deadly weapon with intent to kill inflicting serious injury, in violation of G.S. 14-32(a), the court imposed a prison sentence of five years. The defendant appealed to this Court.

*Attorney General Robert Morgan and Associate Attorney Ann Reed for the State.*

*Eubanks and Sparrow by W. Warren Sparrow for defendant appellant.*

HEDRICK, Judge.

The question presented by the defendant's one assignment of error is whether the verdict supports the judgment.

G.S. 14-32(a), prior to the amendment effective 1 October 1971, provided:

"Any person who assaults another person with a firearm or other deadly weapon of any kind with intent to kill and inflict serious injury is guilty of a felony punishable under G.S. 14-2."

G.S. 14-32(b), prior to the amendment effective 1 October 1971, provided:

"Any person who assaults another person with a firearm or other deadly weapon per se and inflicts serious injury is guilty of a felony punishable by a fine or imprisonment for not more than five years, or both such fine and imprisonment."

G.S. 14-33(b)(1) and (3), prior to the amendment effective 1 October 1971, provided:

State v. Robinson

"(b) Unless his conduct is covered under some other provision of law providing greater punishment, any person who commits any aggravated assault, assault and battery, or affray is guilty of a misdemeanor punishable as provided in subsection (c) below. A person commits an aggravated assault or assault and battery if in the course of such assault or assault and battery he:

> (1) Uses a deadly weapon or other means or force likely to inflict serious injury or serious damage to another person; or
>
> \*　　\*　　\*
>
> (3) Intends to kill another person. . . . "

G.S. 14-33(c), prior to the amendment effective 1 October 1971, provided:

"(c) Any aggravated assault, assault and battery, or affray is punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment not to exceed six (6) months, or both such fine and imprisonment if the offense is aggravated because of one of the following factors:

> (1) Inflicting serious damage to another person;
> (2) Assaulting a female, by a male person; or
> (3) Assaulting a child under the age of twelve (12) years.

Any other aggravated assault, assault and battery, or affray is punishable by a fine in the discretion of the court, imprisonment not to exceed two (2) years, or both such fine and imprisonment."

The element of inflicting serious injury common to the offense described in G.S. 14-32(a) and (b) is not an element of the offense described in G.S. 14-33(b)(1) and (3). The jury, by omitting the element of inflicting serious injury from its verdict, in effect, found the defendant guilty of an aggravated assault with a deadly weapon with intent to kill, a misdemeanor punishable by a fine in the discretion of the court, imprisonment not to exceed two years, or both such fine and imprisonment, as provided by G.S. 14-33(c). *State v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140 (1943); *State v. Burris,* 3 N.C. App. 35, 164 S.E. 2d 52 (1968).

We hold the judgment imposing a prison sentence of five years is not supported by the verdict. The judgment is vacated and the case is remanded to the superior court for the entry of a proper judgment on the verdict.

Vacated and remanded.

Chief Judge MALLARD and Judge GRAHAM concur.