STATE OF NORTH CAROLINA v. LEE WILL TEEL

No. 743SC559

(Filed 2 January 1975)

1. **Assault and Battery § 5; Robbery § 1; Criminal Law § 26— armed robbery — assault with deadly weapon inflicting serious injury is not lesser included offense**

    An assault with a deadly weapon inflicting serious injury, as charged against defendant and as defined in G.S. 14-32(b), is not a lesser included offense of armed robbery because the infliction of serious injury is not an essential ingredient of armed robbery; therefore, acquittal of defendant on a charge of assault with a deadly weapon inflicting serious injury would not bar conviction on an attempted armed robbery charge.

2. **Robbery § 2; Indictment and Warrant § 12— armed robbery — failure to allege taking of property from person — defective indictment — amendment improper**

    The bill of indictment upon which defendant was tried for attempted armed robbery was fatally defective for failure to allege that defendant attempted to take any property or thing of value from anyone, and an amendment approved by the solicitor and counsel for defendant which purported to change the bill to charge attempted armed robbery was without legal authority.

APPEAL by defendant from *Martin (Perry), Judge,* 4 February 1974 Session of Superior Court held in CARTERET County. Argued in the Court of Appeals 12 November 1974.

Defendant was charged in two bills of indictment. The first bill purports to charge defendant with the felony of attempted armed robbery. G.S. 14-87. The second bill charges defendant with the felony of assault with a deadly weapon inflicting serious injury. G.S. 14-32(b). The victim of the attempted armed robbery was also the victim of the assault inflicting serious injury. Both offenses were alleged to have been committed at the same time.

The cases were submitted to the jury upon instructions to find defendant either guilty or not guilty of attempted armed robbery and, additionally, to find defendant either guilty or not guilty of an assault with a deadly weapon inflicting serious injury. The jury returned for its verdicts that defendant was guilty of attempted armed robbery and that defendant was not guilty of assault with a deadly weapon inflicting serious injury.

Judgment of confinement was entered upon the verdict of guilty of attempted armed robbery. Defendant appealed.

---

State v. Teel

---

*Attorney General Carson, by Associate Attorney Hirsch, for the State.*

*Wheatly & Mason, by L. Patten Mason, for the defendant.*

BROCK, Chief Judge.

[1] Defendant argues that his acquittal of the assault charge bars his conviction of the attempted armed robbery charge because they arose out of the same transaction, and the assault is a lesser included offense of the armed robbery.

The crime of armed robbery includes an assault on a person with a deadly weapon. However, where the assault charged contains a necessary ingredient which is not an essential ingredient of armed robbery, the fact that the assault is committed during the perpetration of the armed robbery does not deprive the assault of its character as a complete and separate offense. *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102. Consequently, an assault with a deadly weapon inflicting serious injury, as charged against defendant and as defined in G.S. 14-32(b), is not a lesser included offense of armed robbery because the infliction of serious injury is not an essential ingredient of armed robbery. *State v. Stepney,* 280 N.C. 306, 185 S.E. 2d 844. Defendant's argument upon this point is without merit.

[2] The bill of indictment upon which defendant was tried for attempted armed robbery was fatally defective for failure to allege that defendant attempted to take any property or thing of value from anyone.

The bill upon which defendant was arraigned reads as follows:

> "THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Lee Will Teel late of the County of Carteret on the 17th day of August 1973, with force and arms, at and in the County aforesaid, unlawfully, wilfully, and feloniously did make an assault on Clyde Watts with threatened use of a firearm, to wit: a 22 rifle and him in bodily fear and danger of his life did put, and ___ _____, of the value of _____ __ _____ __ , from the person and possession of the said _____ then and there did unlawfully, wilfully, feloniously, forcibly and violently attempt to take, steal and carry away against the form of the statute in such case made and provided and against the peace and dignity of the State."

The trial judge suggested that the bill should be amended. The Solicitor and counsel for defendant approved an amendment which inserted after "carry away" and before "against the form" the following words: "the goods and chattels of Clyde Watts."

Assuming, without deciding, that with such amendment the bill sufficiently charged the felony of attempted armed robbery, the amendment was without legal authority. " 'In the absence of statute, an indictment cannot be amended by the court or prosecuting officer in any matter of substance without the consent of the grand jury which presented it.' (Citations omitted.) We do not consider to what extent, if any, a bill of indictment may be amended with the consent of a defendant and his counsel. Suffice to say, this defendant did not consent to the amendment." *State v. Jackson*, 280 N.C. 563, 568, 187 S.E. 2d 27.

Clearly the attempted amendment was in a matter of substance. Without the amendment the bill charged, if anything, a misdemeanor assault under G.S. 14-33 (b) (1). The amendment purported to change the bill to charge the felony of attempted armed robbery under G.S. 14-87.

The defendant was tried, found guilty, and sentenced upon the bill of indictment which had been illegally amended. Judgment entered upon such conviction must be arrested. The State may, if it is so advised, proceed against defendant upon a proper bill of indictment charging the felony of attempted armed robbery.

Judgment arrested.

Judges HEDRICK and MARTIN concur.