STATE OF NORTH CAROLINA v. TYRONE WOODROW WARE

No. 7621SC479

(Filed 3 November 1976)

1. **Assault and Battery § 15— felonious assault — inflicting serious injury — sufficiency of charge**

    The trial court did not give an incomplete charge with respect to the four elements of assault with a deadly weapon with intent to kill inflicting serious injury where the court charged that the State must prove beyond a reasonable doubt that defendant (1) assaulted the victim, (2) with a deadly weapon, (3) with an intent to kill, the court then digressed to define "intent" to the jury, and immediately thereafter the court properly charged as to all elements of the crime, including the fourth element of "inflicting serious injury."

2. **Assault and Battery § 17; Criminal Law § 124— unresponsive verdict — inquiry by clerk — acceptance of verdict by court**

    In this prosecution for felonious assault, the trial court submitted issues as to defendant's guilt of (1) assault with a deadly weapon with intent to kill inflicting serious injury or (2) assault with a deadly weapon inflicting serious injury; the court, in response to an inquiry by the jury, gave an additional instruction that the only difference between the degrees of assault submitted was the "intent to kill"; the jury foreman stated that the jury's verdict was "guilty of assault with a deadly weapon with intent to kill"; the clerk asked, "Inflicting serious injury?" and the foreman replied in the affirmative; and each juror upon being polled stated that his verdict was guilty of assault with a deadly weapon with intent to kill inflicting serious injury and that he still assented thereto. *Held:* The clerk's

State v. Ware

question was a proper inquiry to an unresponsive verdict, and the trial court did not err in accepting the verdict of guilty of assault with a deadly weapon with intent to kill inflicting serious injury.

APPEAL by defendant from *Crissman, Judge.* Judgments entered 12 February 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 October 1976.

Upon pleas of not guilty defendant was tried in superior court on (1) a warrant (appealed from district court) charging him with assault with a deadly weapon on David E. Harris, and (2) a bill of indictment charging him with assault with a deadly weapon with intent to kill inflicting serious injury on Lillie Mae Gould. Both offenses allegedly occurred on 10 March 1975 and the weapon allegedly used was a pistol.

Evidence presented by the State is summarized in pertinent part as follows:

On the afternoon of the day in question defendant went to the home of Ruby Harris and asked to see her sister, Lillie Gould. Defendant and Lillie had lived together for about four years prior to 5 March 1975 when she left defendant and moved in with her sister. Defendant entered the room where Lillie was watching television and asked her to talk with him. They went into another room to discuss Lillie's returning to live with defendant. After the two talked briefly and Lillie stated that she would not resume living with him, defendant pulled a pistol and shot her four times. One bullet entered her neck and three bullets entered her abdomen. Defendant then ran to the front part of the house and shot Lillie's nephew, David Harris, in his wrist, after which he left. That evening defendant talked with Lillie's niece on the telephone and, upon learning that Lillie was still alive, he stated that he would return and "finish the job." As a result of the shooting, Lillie is permanently paralyzed from her waist down.

Defendant presented no evidence.

The "JUDGMENT AND COMMITMENT" signed by the trial judge in the two cases recite that the jury found defendant guilty of assault with a deadly weapon in the misdemeanor case and assault with a deadly weapon with intent to kill inflicting serious injury in the felony case. On the felony charge the court entered judgment imposing a prison sentence of twenty years. On the misdemeanor charge it entered judgment

imposing a prison sentence of two years, this sentence to begin at the expiration of the twenty year sentence. Defendant appealed

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Wilson and Degraw, by David L. Wilson, Jr., for defendant appellant.*

BRITT, Judge.

All of defendant's assignments of error relate to the felony charge, therefore, no question is presented with respect to the misdemeanor charge.

[1]    Defendant first contends that the trial court gave an incomplete charge with respect to the four elements of assault with a deadly weapon with intent to kill inflicting serious injury. This contention has no merit.

The court charged the jury that the State must prove beyond a reasonable doubt that defendant (1) assaulted the victim, (2) with a deadly weapon, (3) with an intent to kill. At that point His Honor digressed momentarily to define "intent" to the jury, but following that digression, he properly charged as to all four elements of this crime, specifically including the fourth element of "inflicting serious injury." At most, this digression constituted a *lapsus linguae* which was immediately corrected in the instructions that followed. It has been held that a *lapsus linguae* in the instructions not called to the attention of the court will not be held prejudicial error when it is apparent from the record that the jury could not have been misled thereby. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), *cert. denied,* 386 U.S. 911, 17 L.Ed. 2d 784, 87 S.Ct. 860 (1967). The court's charge to the jury is to be construed contextually and will not be held prejudicial when the charge as a whole is free from error. We think the charge more than adequately instructed the jury on all of the elements of the crime charged in the bill of indictment.

[2]    Defendant's second contention is that the trial court erred in failing to accept and enter the verdict as returned by the jury foreman. This contention is also without merit.

On the felony charge, the court instructed the jury to return a verdict of (1) guilty of assault with a deadly weapon

with intent to kill inflicting serious injury, (2) guilty of assault with a deadly weapon inflicting serious injury, or (3) not guilty.

The series of events that transpired must be scrutinized for an understanding of the question presented. After beginning their deliberations, the jury returned to open court with a question:

"FOREMAN: We would like for you to clarify the assault with a deadly weapon with intent to kill, the difference between that and assault with a deadly weapon causing bodily injury.

"COURT: Well, really, the difference between—he is charged with an assault with a deadly weapon with intent to kill inflicting serious injury in the bill of indictment, and the lesser charge is an assault with a deadly weapon inflicting serious injury which leaves out the element of intent to kill. So, the two are actually the same except for the intent to kill. Does that—give you—

"FOREMAN: That settles my mind.

"COURT: The elements are absolutely the same except for the lack of that one . . . ."

The jury then resumed their deliberations and upon returning into court, the following occurred:

"CLERK: How say you find the defendant, Tyrone Ware, as charged in 75 Cr 37662, guilty of assault with a deadly weapon with intent to kill inflicting serious injury, guilty of assault with a deadly weapon inflicting serious injury, or not guilty?

"FOREMAN: We find him guilty of assault with a deadly weapon with intent to kill.

"CLERK: Inflicting serious injury?

"FOREMAN: Yes.

"CLERK: Is this your verdict, so say you all?"
(affirmative indication)

Thereafter, each member of the jury was polled as to whether guilty of assault with a deadly weapon with intent to

kill inflicting serious injury was their verdict and whether they assented thereto. Each juror answered affirmatively.

Although obviously not the best procedure, we think the clerk's inquiry of the jury was permissible in the present case. *State v. May,* 22 N.C. App. 71, 205 S.E. 2d 355 (1974). In *Davis v. State,* 273 N.C. 533, 538, 160 S.E. 2d 697, 702 (1968), the Supreme Court stated: "In accepting or refusing a verdict the trial judge cannot exercise unrestrained discretion. The trial judge should examine a verdict with respect to its form and substance to prevent a doubtful and insufficient verdict from becoming the record of the court, but his power to accept or refuse the jury's finding is not absolute. (Citations omitted.) It is well settled in this jurisdiction that the verdict should be taken in conjunction with the issue being tried, the evidence, and the charge of the court. . . ."

The uncontradicted evidence in this case shows that the victim was shot four times and is now paralyzed from the waist down. Based on this evidence the trial court correctly submitted the possible verdicts of guilty of assault with a deadly weapon with intent to kill inflicting serious injury, guilty of assault with a deadly weapon inflicting serious injury and not guilty. The trial court's final instructions to the jury, in response to their question, emphasized that the only difference between the varying degrees of assault charged upon was the "intent to kill." In light of the plenary evidence presented and the charge to the jury, we think that the foreman's initial statement was both nonresponsive and insensible to the issues presented.

The better procedure to be followed in this situation is well stated in *State v. Perry,* 225 N.C. 174, 176, 33 S.E. 2d 869, 870 (1945), that: "When, and only when, an incomplete, imperfect, insensible, or repugant verdict or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict." Nevertheless, we think the clerk's inquiry in this case was proper to clarify the jury's response relating to the court's charge. A jury pronouncement is not a verdict until accepted by the court. *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651 (1966). The verdict accepted by the trial court in this case was guilty of assault with a deadly weapon with intent to kill inflicting serious injury.

Verdicts in criminal cases ought to be clear and free from ambiguities and uncertainties. *Davis v. State, supra.* We think the foreman's pronouncement in response to the submitted verdicts was uncertain and nonresponsive. That uncertainty was completely removed by the polling of the jury and their answers to the court upon polling. Any error, which we do not admit, was cured by the polling.

As stated in *State v. Best,* 265 N.C. 477, 481, 144 S.E. 2d 416, 419 (1965), "[a] verdict, apparently ambiguous, 'may be given significance and correctly interpreted by reference to the allegations, the facts in evidence, and the instructions of the court.' (Citation omitted.) 'The verdict should be taken in connection with the charge of His Honor and the evidence in the case. . . .'" The charge of the trial court reflected the uncontradicted evidence of serious injury presented in this case. Moreover, the jury after beginning deliberations, returned to the court to ask the trial judge to clarify the two verdicts of assault upon which they had been charged. Both verdicts included the "inflicting of serious injury" and the trial court instructed that the only difference between those two verdicts was whether the defendant had an intent to kill. Therefore, when the jury foreman stated the pronouncement of guilty of assault with a deadly weapon with an intent to kill, the verdict was unresponsive to the issues submitted and the evidence presented. The clerk's inquiry was proper under the circumstances.

Defendant cites *State v. Burris,* 3 N.C. App. 35, 164 S.E. 2d 52 (1968), as authority for the proposition that the verdict as first stated by the jury foreman was complete, clear, and responsive. In that case, the defendant was charged with assault with a deadly weapon with intent to kill inflicting serious injury. The jury foreman announced a verdict of assault with a deadly weapon with intent to kill, whereupon, the clerk asked for clarification. Each member of the jury was polled and assented to a verdict of assault with a deadly weapon with intent to kill inflicting serious injury. That case is distinguishable from this case since the trial judge in *Burris* charged the jury that they could find the defendant guilty of assault with a deadly weapon with intent to kill or guilty of assault with a deadly weapon. Under those circumstances the verdict of assault with a deadly weapon with intent to kill was responsive to the court's instructions. In our case the jury foreman re-

sponded with a verdict upon which the jury was not charged and which was unresponsive and uncertain in light of the evidence presented.

The facts presented in *State v. Robinson*, 13 N.C. App. 628, 186 S.E. 2d 593 (1972), are also distinguishable. In that case the jury was instructed that they could return one of three possible verdicts: guilty of assault with a deadly weapon with intent to kill inflicting serious injury, guilty of an assault with a firearm inflicting serious injury, or not guilty. The following transpired:

"THE JURY FOREMAN: We find him guilty with intent to kill.

"THE COURT: Do you find him guilty of assault with a deadly weapon with intent to kill, in that language?

"THE JURY FOREMAN: Yes.

"THE COURT: Is that the verdict of all of you so say you all?

"THE JURY: Yes, sir."

The court then recited that the jury had found defendant guilty of an assault with a deadly weapon with intent to kill *inflicting serious injury* and imposed a prison sentence of five years. Apparently, the trial judge felt that the original verdict was nonresponsive to the charges and sought clarification. Nevertheless, when His Honor inquired of the jury as to their verdict, he left off the words "inflicting serious injury." In fact, the jury never assented to the words "inflicting serious injury" as being part of their verdict. This court held that by leaving off the words "inflicting serious injury" the jury had found defendant guilty of assault with a deadly weapon with intent to kill and therefore defendant was improperly sentenced. In this case, the clerk sought clarification of the jury's verdict and properly included the words "inflicting serious injury" to which the jury assented and were individually polled. We do not think that the clerk's inquiry was suggestive, but rather was a proper inquiry to an unresponsive verdict.

We conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.