STATE OF NORTH CAROLINA v. BOBBY EUGENE WHEELER, WILLIAM RAY WHEELER, AND ROBERT NABORS BRIDGES

No. 7726SC365

(Filed 19 October 1977)

1. **Criminal Law § 92— consolidation—discretionary matter**

   The question of consolidating offenses arising out of a single scheme or plan ordinarily is a matter within the discretion of the trial judge and his decision will not be disturbed absent a showing of abuse of discretion.

2. **Criminal Law § 66.13— identification of defendant—pretrial confrontations—no taint**

   Evidence was sufficient to support the findings of the trial judge in an armed robbery and assault case that the victim had ample opportunity to observe defendants at the time of the offenses, and that the victim's in-court identification of defendants was not tainted by a photographic identification several hours after the crimes occurred, identification of one defendant while in a police car at the scene of the crimes, or identification of another defendant at a hospital shortly after the crimes were committed.

3. **Robbery § 5— robbery with a firearm—failure to instruct on lesser offenses—no error**

   Where the State's uncontradicted evidence showed that defendants took possession of a safe, a pistol, and a blackjack in the presence of their victim, that the safe was carried several feet and the pistol and blackjack were forcibly taken from the victim, that the victim did not voluntarily consent to the taking and carrying away of the property, that defendants intended to keep the property permanently, that each defendant had a firearm at the time they obtained the property, and that they obtained the property by repeatedly threatening the victim's life, the trial court did not err in failing to instruct on the lesser included offenses of robbery with a firearm.

4. **Criminal Law § 113.7— acting in concert—failure to repeat jury instructions—no error**

   Where the trial court properly explained the legal principle of acting in concert and then instructed that "the legal principle of acting in concert is equally applicable to each defendant, and I will not define this legal principle again but I instruct you to remember it and apply it to each case against each defendant," such instruction was not peremptory.

5. **Criminal Law § 21— taking defendant before magistrate—one hour delay—no undue delay**

   G.S. 15A-501(2) and G.S. 15A-511(a)(1) require only that defendant be taken before a magistrate "without unnecessary delay," and a delay of only one hour after the defendant had been taken into custody and advised of his rights could not be considered undue delay under the facts of the case.

6. **Criminal Law § 66.10— inadvertent viewing of defendant at law enforcement center—in-court identification not tainted**

   An armed robbery victim's inadvertent observation of defendant at a Law Enforcement Center where defendant was taken shortly after his arrest was not

an illegal lineup, since proceedings had not yet been filed against defendant, nor was the inadvertent viewing of the defendant by the victim so impermissibly suggestive that it tainted a photographic identification or an in-court identification.

**7. Assault and Battery § 15.4— assault on law officers—officers performing duties —instructions proper**

In a prosecution for assault upon law enforcement officers, evidence was sufficient to support the trial court's instructions that the officers were acting in the performance of their duties when allegedly assaulted by defendant where the evidence tended to show that one officer was in the process of investigating an apparent assault on a security guard at a lounge when defendant pulled a gun and with the other two defendants began shooting at the officer, and the second officer was responding to a call for help from other officers and participating in the investigation of an assault and robbery at the lounge when defendants fired at him.

**8. Assault and Battery § 17; Robbery § 6— guilty of armed robbery—not guilty of assault—verdicts not inconsistent**

Defendant's contention that, since he was found not guilty of feloniously assaulting a security guard, the verdict of guilty of armed robbery of the guard was inconsistent with that verdict and should not be allowed to stand is without merit, since assault with a deadly weapon with intent to kill inflicting serious injury and the offense of armed robbery are separate and complete, and an acquittal on the assault charge would not bar a conviction on the armed robbery charge.

APPEAL by defendants from *Barbee, Judge.* Judgments entered 11 December 1976 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 27 September 1977.

Each defendant was charged with the following five offenses in fifteen separate bills of indictment: (1) armed robbery of Golmone Calloway, (2) three counts of felonious assault on law enforcement officers James Hooper, Henry McKiernan and M. R. Kelly, and (3) assault on Golmone Calloway with a deadly weapon with intent to kill, inflicting serious injuries. Over their objections, defendants were tried together. They pled not guilty.

The State's evidence tends to show:

On 9 July 1976 Calloway, a security guard for Investigations Unlimited, was on duty at the Tree House Lounge on Independence Boulevard in Charlotte. After the lounge closed about 3:00 a.m., Calloway secured the building, set the burglar alarm, and went into the office to telephone his wife. While talking on the telephone, he heard a noise outside the office door. He instructed his wife to call him back and went to investigate. As Calloway cracked the door and pulled his gun, defendant Bridges forced the door open and grabbed Calloway's hand which was holding the pistol while defendant Bobby Wheeler hit Calloway on the back of his head with a pistol. As

defendants Bridges and Bobby Wheeler were threatening Calloway and demanding that he tell them where the money was hidden, Calloway's wife telephoned. Calloway was instructed to answer the telephone; at gunpoint he told his wife that everything was all right after which one of the defendants jerked the phone out of his hands and slammed it down. Mrs. Calloway called the police.

Defendants Bridges and Bobby Wheeler then forced Calloway to break down a door to a small room where a safe was kept. Thereafter, they threw him back on the couch, told him to cover his face and proceeded to remove the safe. During this period said defendants beat Calloway about his head and threatened to "blow his damn brains out." As one of them cocked a pistol, a police officer tapped on the window with a flashlight; they then told Calloway to wipe the blood off his face and tell the officer that they were the clean-up crew. As defendant Bridges escorted Calloway to talk with the officer, Calloway observed defendant William Wheeler in the partially lighted poolroom area of the lounge.

Calloway talked with Officers McKiernan and Hooper in the well-lighted parking lot as he had been instructed, but when Officer McKiernan requested Calloway to step to the rear of the patrol car, defendant Bridges pulled a revolver and Officer Hooper grabbed his hand. Defendant Bobby Wheeler came out of the Tree House Lounge and ordered Officer Hooper to release defendant Bridges and began shooting. Officer McKiernan returned fire. Defendant Bobby Wheeler went back into the lounge, but came back outside while Officer McKiernan was reloading his gun; he again ordered Officer Hooper to release Bridges. Officer Hooper released Bridges who then pulled a pistol out of his pocket, pointed it at Officer Hooper's head and pulled the trigger two or three times; the gun failed to fire and Officer Hooper ran while all three defendants fired shots at him.

A short time later Officer Kelly arrived and observed the three defendants running along the side of the Tree House Lounge in an area brightly illuminated by the parking lot lights and the streetlights. Defendants shot at Officer Kelly who returned the gunfire. Shortly thereafter the three defendants were apprehended and Calloway made an on-the-scene identification of the three. Officers McKiernan, Hooper and Kelly also confronted the defendants shortly after the alleged crimes had been committed. Later that morning the three officers and Calloway selected pictures of the three defendants from a photographic display of seven or eight persons of various ages.

State v. Wheeler

Following a voir dire hearing, Judge Barbee found that the confrontations and subsequent identifications of the three defendants by the officers and Calloway were not "so unnecessarily suggestive or conducive to lead to irreparable mistaken identification to the extent that either of the three defendants would be denied due process of the law", and that the in-court identifications of the three defendants by the officers and Calloway were based on independent observations at the time of the alleged crimes. He concluded that the evidence of the confrontations and subsequent identifications of the three defendants by the officers and Calloway was competent.

The defendants offered no evidence.

The jury found defendants Bridges and Bobby Wheeler each guilty on all five counts. The court entered judgments sentencing each of them to prison for 50 years on the armed robbery charge, and for five years on each of the assault on police officer charges. The court arrested judgment on the felonious assault on Calloway charges.

The jury found defendant William Wheeler guilty of armed robbery, guilty of two of the counts of assault on a police officer, and not guilty of the felonious assault on Calloway charge. The court declared a mistrial on the third charge of assault on a police officer. The court entered judgments sentencing defendant William Wheeler to prison for 20 years as a regular youthful offender on the armed robbery charge, and for five years each on the two assault on police officer charges.

From the judgments entered, all defendants appealed.

*Attorney General Edmisten, by Senior Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin, for the State.*

*Bailey, Brackett & Brackett, by Martin L. Brackett, Jr., and Terry D. Brown, for defendant appellant Robert Nabors Bridges; Paul J. Williams for defendant appellant Bobby Eugene Wheeler; and James F. O'Neill for defendant appellant William Ray Wheeler.*

BRITT, Judge.

### APPEAL OF BOBBY WHEELER AND ROBERT BRIDGES

By their first assignment of error, defendants Bobby Wheeler and Bridges contend that the court erred in failing to grant their motions to sever and to allow each defendant a separate trial. The assignment has no merit.

[1] The question of consolidating offenses arising out of a single scheme or plan ordinarily is a matter within the discretion of the trial judge and his decision will not be disturbed absent a showing of abuse of discretion. 4 Strong's N.C. Index 3d, Criminal Law § 92. *See* *State v. Jones*, 280 N.C. 322, 185 S.E. 2d 858 (1972); *State v. Greene*, 30 N.C. App. 507, 227 S.E. 2d 154 (1976). Defendants have failed to show any abuse of discretion in this case.

[2] By the next assignments of error argued in their brief defendants Bobby Wheeler and Bridges contend the court erred in failing to suppress their in-court identifications by Calloway. They argue that the identifications were tainted by two illegalities: (1) the display of photographs by police to Calloway several hours after the crimes occurred; and (2) identification by Calloway of defendant Bobby Wheeler while in a police car at the scene of the crimes, and of defendant Bridges at a hospital shortly after the crimes were committed. These assignments have no merit.

The trial court conducted a lengthy voir dire hearing on defendants' motions to suppress the identification testimony. Calloway and the officers testified at the hearing. Following the hearing the court found facts with respect to Calloway's opportunity to observe defendants at the time of the offenses, his observation of defendants at that time, his viewing the photographs and his seeing defendants shortly after the crimes were committed. The court found and concluded that no illegal identification procedures relating to defendants were used and that the in-court identifications of all three defendants by Calloway were of independent origin, based solely on what he saw at the time the alleged crimes were committed, and did not result from any subjective pretrial identification procedures.

It is well settled that "when the admissibility of in-court identification testimony is challenged on the ground it is tainted by an out-of-court identification made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibility; when the facts so found are supported by competent evidence, they are conclusive on appellate courts." 4 Strong's N.C. Index 3d, Criminal Law § 66.20, p. 276.

The trial court's findings of fact in the instant case were fully supported by evidence presented at the voir dire hearing and the conclusions of law are fully supported by the findings of fact. The assignments of error are overruled.

Defendant Bridges assigns as error the admission of testimony by Calloway that he identified Bridges from a photograph shown him a few hours after the crimes were committed. This assignment is based on the premise that the display of photographs to Calloway was unduly suggestive. As stated above, the trial court made findings of fact and conclusions that the display of photographs was not suggestive and the findings and conclusions are fully supported by the evidence. The assignment is overruled.

[3] Defendants Bobby Wheeler and Bridges next assign as error the failure of the trial court to instruct the jury on the lesser included offenses of robbery with a firearm. We find no merit in this assignment.

"The trial court is not required to charge the jury upon the question of the defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees. Thus, the court is not required to submit to the jury the question of defendant's guilt of a lesser degree of the crime charged in the indictment when the state's evidence is positive as to each and every element of the crime charged." 4 Strong's N.C. Index 3d, Criminal Law § 115, pp. 610-611. *See also State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); *State v. Bryant*, 280 N.C. 551, 187 S.E. 2d 111, *cert. denied*, 409 U.S. 995, 34 L.Ed. 2d 259, 93 S.Ct. 328 (1972).

With respect to the armed robbery charges, defendants argue that the trial court should have submitted as alternative verdicts the lesser included offenses of common law robbery, assault with a deadly weapon and simple assault. Since the State's evidence was positive and without conflict on all seven elements of the charge of robbery with a firearm, and there was no evidence to the contrary, instructions on the lesser included offenses were not required. The State's evidence showed that the defendants took possession of a safe, a pistol, and a blackjack in the presence of Calloway; that the safe was carried several feet and the pistol and blackjack were forcibly taken from Calloway; that Calloway did not voluntarily consent to the taking and carrying away of the property; that the defendants intended to keep the property permanently; that each defendant had a firearm at the time they obtained the property; and that they obtained the property by repeatedly threatening Calloway's life. On each of these points, the State's proof was positive and there was no conflict in the evidence.

**[4]**    Finally, defendants Bobby Wheeler and Bridges assign as error the trial court's instructions to the jury on the legal principle of acting in concert. Defendants argue that since the court gave one basic charge on acting in concert and then instructed the jury to apply the charge to each defendant, the charge amounted to a peremptory instruction. We find no merit in this assignment.

"If the defendant is present with another and with a common purpose does some act which forms a part of the offense charged, the trial judge must explain and apply the law of 'acting in concert' . . . ." 4 Strong's N.C. Index 3d, Criminal Law § 113.7, p. 592. In this case, the trial judge was required to give an instruction on "acting in concert" with respect to the three defendants. The general rule is that a "court's charge to the jury is to be construed contextually and will not be held prejudicial when the charge as a whole is free from error." *State v. Ware*, 31 N.C. App. 292, 294, 229 S.E. 2d 249, 251 (1976). Here, the court gave instructions on the legal principle of "acting in concert" at three points in the charge: (1) before defining the elements of robbery with a firearm, (2) before explaining the charge of assault with a deadly weapon with intent to kill, and (3) before instructing on the charge of assault with a firearm upon a law enforcement officer. The instructions contained the following language:

"Members of the jury, at this time I will instruct you on the law as to each charge against each defendant separate. First, I instruct you that for a person to be guilty of a crime it is not necessary that he himself do all of the acts necessary to constitute the crime. If two or more persons act together with a common purpose to commit a crime each of them is held responsible for the acts of the others done in the commission of that crime. Members of the jury, this legal principle is referred to as acting in concert.

"As I instruct you on the law on each case against each defendant separately, the legal principle of acting in concert is equally applicable to each defendant, and I will not define this legal principle again but I instruct you to remember it and apply it to each case against each defendant."

As required by *State v. Forrest*, 262 N.C. 625, 626, 138 S.E. 2d 284, 285 (1964), the court's charge went to all "material aspects of the offense[s]" and was "complete within itself." The charge in this case did not involve the error of *State v. Forrest, supra*, since it did not require the jurors to rely on instructions which the court had

given in other cases or which the jurors may have heard in other cases. Nor was the instruction on the legal principle of acting in concert a peremptory instruction. The court was only advising the jury as required of a legal theory which they could accept or reject as being applicable to this particular case. The court was not directing the jury to answer the issue of acting in concert in a particular manner if they found or did not find from the greater weight of the evidence that the facts were as the evidence tended to show. 7 Strong's N.C. Index 2d, Trial § 31.

For the reasons stated, we conclude that defendants Bobby Wheeler and Bridges received fair trials free from prejudicial error.

### APPEAL OF WILLIAM RAY WHEELER

By his first assignment of error, this defendant contends that the court committed prejudicial error by failing to sever the five charges against him from the five identical charges against each of the other two defendants. For the reasons stated in the discussion above concerning the denial of the motions to sever by defendants Bobby Wheeler and Bridges, we find no merit in this assignment of error.

[5] By his second assignment of error, defendant William Wheeler contends that the court erred in failing to quash the five indictments against him because the officers failed to take him before a magistrate for an initial appearance immediately after the on-the-scene identification by Calloway. We find no merit in this assignment.

G.S. 15A-501(2) and G.S. 15A-511(a)(1) provide that a law enforcement officer making an arrest with or without a warrant must take the person arrested before a magistrate "without unnecessary delay." In this case, defendant William Wheeler was identified at the scene immediately after the alleged crime, at approximately 4:00 a.m., and was then taken to the Charlotte Law Enforcement Center where Calloway happened to see him again around 5:00 a.m. The statutes only require that the defendant be taken before a magistrate "without unnecessary delay" and a delay of only one hour after the defendant had been taken into custody and advised of his rights could not be considered undue delay under the facts of this case.

[6] Under this assignment, defendant William Wheeler also contends that there was an illegal lineup a short while after the crimes were committed. This contention has no validity.

The fact that Calloway inadvertently observed the defendant when he arrived at the Law Enforcement Center was not an illegal lineup since proceedings had not yet been filed against him. *See* 4 Strong's N.C. Index 3d, Criminal Law § 66.3; *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *modified on other grounds*, 428 U.S. 902, 49 L.Ed. 2d 1205, 96 S.Ct. 3202 (1976). Nor was the inadvertent viewing of the defendant by Calloway so impermissibly suggestive that it tainted the photographic identification or the in-court identification. *State v. Thomas*, 292 N.C. 527, 234 S.E. 2d 615 (1977). *See also State v. Vawter*, 33 N.C. App. 131, 234 S.E. 2d 438 (1977). According to the order following the voir dire hearing, both the photographic and in-court identifications were found to be based on independent observations made at the time of the alleged crimes. For the reasons stated in the appeal discussed above, the trial court's findings of fact and conclusions of law after the voir dire concerning the identification of the defendant by Calloway and the three police officers are conclusive and binding on this court. We hold that defendant's motions to quash the five indictments were properly denied.

By his third and fourth assignments of error, defendant William Wheeler contends the court erred in permitting his identification at the voir dire and before the jury by Calloway, Officer McKiernan, Officer Hooper and Officer Kelly. For the reasons stated in the above discussion concerning Calloway's photographic and in-court identifications of defendants Bobby Wheeler and Bridges, we find no merit in either of these assignments of error.

By his seventh assignment of error, defendant William Wheeler argues that the trial court erred in its instructions to the jury in several respects. We find no merit in this assignment of error.

Defendant's contentions that the instructions on robbery with a firearm and acting in concert were peremptory instructions are without merit for the reasons set forth above in a similar argument made by defendant's Bobby Wheeler and Bridges. Defendant's assertion that these two instructions were expressions of the trial judge's opinion in violation of G.S. 1-180 is equally without merit. These two instructions involved applicable legal principles which required instruction, 4 Strong's N.C. Index 3d, Criminal Law §§ 111, 113.7, 114, p. 592, and when viewed in the context of the charge as a whole were neither improper nor misleading to the jury. *State v. Ware, supra.*

[7]　Defendant's contention that there is no evidence to support the trial court's instructions that Officers Hooper and Kelly were acting in the performance of their duties when allegedly assaulted by defendant is also without merit. As to Officer Hooper, the evidence showed that Officers McKiernan and Hooper arrived at the Tree House Lounge in response to a report by Calloway's wife of suspicious circumstances at the lounge; that upon arrival both officers observed security officer Calloway and defendant Bridges approach the police car; that Calloway was without a shirt, his gun holster was empty and he was bleeding about his head; that Calloway told the officer he had fallen on a beer bottle and that Bridges was part of the clean-up crew; and that when Calloway made a motion with his eyes toward Bridges, Officer McKiernan requested Calloway to step to the patrol car while Officer Hooper attempted to prevent defendant Bridges from pulling a gun. This evidence tended to show that Officer Hooper was in the process of investigating an apparent assault on Calloway when Bridges pulled a gun and with the other two defendants began shooting at Officer Hooper.

In a similar manner the evidence shows that Officer Kelly was acting in the line of duty as a police officer when he was assaulted. He responded to a call for help at the Tree House Lounge around 3:30 a.m. Upon his arrival he saw the three defendants running and ordered them to stop, but they kept running and started firing in his direction. Officer Kelly returned fire. This evidence clearly tended to show that Officer Kelly was acting in the line of duty when assaulted since he was responding to a call for help from other officers and participating in the investigation of an assault and robbery at the Tree House Lounge.

Finally, defendant William Wheeler contends in his eighth assignment of error, that the trial court erred in failing to set aside the armed robbery conviction. We find no merit in this contention.

[8]　Defendant William Wheeler argues that since he was found not guilty of feloniously assaulting Calloway, the verdict of guilty of armed robbery of Calloway was inconsistent with that verdict and should not be allowed to stand. This argument is not persuasive.

In *State v. Teel*, 24 N.C. App. 385, 386, 210 S.E. 2d 517, 518 (1975), the court stated:

　　　"The crime of armed robbery includes an assault on a person with a deadly weapon. However, where the assault charged contains a necessary ingredient which is not an essential ingre-

dient of armed robbery, the fact that the assault is committed during the perpetration of the armed robbery does not deprive the assault of its character as a complete and separate offense. *State v. Richardson*, 279 N.C. 621, 185 S.E. 2d 102. Consequently, an assault with a deadly weapon inflicting serious injury, as charged against defendant and as defined in G.S. 14-32(b), is not a lesser included offense of armed robbery because the infliction of serious injury is not an essential ingredient of armed robbery. *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844."

Applying this reasoning to the present situation, the defendant was indicted for assault with a deadly weapon with intent to kill inflicting serious injury under G.S. 14-32. This offense cannot be considered a lesser included offense of armed robbery. The two offenses are separate and complete and an acquittal on the assault charge would not bar a conviction on the armed robbery charge. *State v. Teel, supra.*

In addition, there is no requirement in North Carolina that verdicts be consistent. In 4 Strong's N.C. Index 3d, Criminal Law § 124.5, p. 653, the following rule is stated: "It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act results in both offenses, will not be disturbed."

We conclude that defendant William Wheeler received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MARTIN concur.