OF

# NORTH CAROLINA

AT

# RALEIGH

---

## FALL SESSION, 1968

---

STATE OF NORTH CAROLINA v. DONALD WILLIAM HAMRICK

No. 6827SC24

(Filed 23 August 1968)

**1. Criminal Law § 124— verdict — words treated as surplusage to verdict**

Where in response to the clerk's inquiry as to whether the jury found defendant guilty or not guilty of nonfelonious breaking and entering, the foreman states that the jury found defendant not guilty but adds that the jury found defendant guilty of aiding and abetting, a verdict of not guilty of nonfelonious breaking and entering should be recorded, the words "guilty of aiding and abetting" being mere surplusage since they are not part of the legal verdict.

**2. Criminal Law § 126— verdict — acceptance by court**

A verdict is a substantial right, and whenever the verdict is complete, sensible and responsive to the bill of indictment, it must be accepted by the court.

**3. Criminal Law §§ 122, 126— insensible and unresponsive verdict — redeliberation by jury**

Where in response to the clerk's inquiry as to whether the jury found defendant guilty or not guilty of an attempt to commit a nonfelonious breaking and entering, the foreman states that the jury found defendant "guilty of aiding and abetting of breaking and entering of non-felonious attempt," the verdict is not sensible and responsive, and the court properly required the jury to redeliberate and return a proper verdict.

4. **Criminal Law §§ 122, 126—— verdict of not guilty — jury may not thereafter change verdict to guilty**

Where the jury returns a verdict of not guilty of nonfelonious breaking and entering and is directed to redeliberate upon returning an insensible and unresponsive verdict as to an attempt to commit that crime, the jury may not thereafter return a verdict of guilty of nonfelonious breaking and entering, but its further consideration should be limited to a determination of defendant's guilt or innocence of an attempt to commit the crime.

5. **Criminal Law § 181; Habeas Corpus § 2—— nature of petition determined by substance and relief requested**

Although a petition attacking a judgment for error in recording the jury verdict is entitled "Application for Writ of Habeas Corpus," it should be considered as a post-conviction petition under the provisions of G.S. 15-217, et seq., and it is error for the court to consider such petition as a strict *habeas corpus* proceeding under G.S. 17-3 et seq., since it is the substance of the application and the relief sought thereunder which determines its true nature, and not the title appended thereto by the petitioner.

ON Writ of *Certiorari* to review an Order of *Snepp, J.,* entered 23 February 1968, GASTON Superior Court.

The defendant was charged in a bill of indictment in case number 67-477 with the felony of burglary. He was arraigned during the second week of the 9 October 1967 Session of Gaston Superior Court, and upon his plea of not guilty was tried before Froneberger, J., and a jury.

After the jury had deliberated and returned to the courtroom to announce its verdict, the following transpired:

"THE CLERK: Members of the Jury, have you agreed upon a verdict?

"THE FOREMAN: Yes.

"THE CLERK: How do you find the defendant, guilty or not guilty of burglary in the first degree with a recommendation of life imprisonment? Do you find the defendant guilty or not guilty on this charge?

"THE FOREMAN: Not guilty on that charge.

"THE CLERK: You find the defendant not guilty. So say you all. How do you find the defendant, guilty or not guilty of an attempt to burglary in the first degree with a recommendation for life imprisonment?

"THE FOREMAN: Not guilty on that one.

"THE CLERK: You find the defendant not guilty. So say

you all. How do you find the defendant, guilty or not guilty of burglary in the second degree?

"THE FOREMAN: Not guilty.

"THE CLERK: You find the defendant not guilty. So say you all. How do you find the defendant, guilty or not guilty of felonious breaking and entering?

"THE FOREMAN: Not guilty.

"THE CLERK: You find the defendant not guilty. So say you all. How do you find the defendant, guilty or not guilty of an attempt to felonious breaking and entering?

"THE FOREMAN: Not guilty.

"THE CLERK: You find the defendant not guilty. So say you all. *How do you find the defendant, guilty or not guilty of non-felonious breaking and entering?*

"THE FOREMAN: *Not guilty.* We find him guilty of aiding and abetting.

"THE CLERK: Well, *how do you find the defendant, guilty or not guilty of non-felonious breaking and entering?*

"THE FOREMAN: *Not guilty.* (Emphasis added.)

"THE CLERK: You find the defendant not guilty. So say you all. Now, how do you find the defendant, guilty or not guilty of an attempt to non-felonious breaking and entering?

"THE FOREMAN: Guilty.

"THE CLERK: You find the defendant guilty of an attempt to non-felonious breaking and entering. So say you all.

"THE FOREMAN (referring to a slip of paper in his hand): Can I read this? (Reading) 'We find the defendant guilty of aiding and abetting of breaking and entering of non-felonious attempt.'

"THE COURT: Mr. Foreman and ladies and gentlemen of the jury, that is not a proper verdict, in the opinion of the Court. Now, he would be guilty as a principal, not as an aider and abettor, as I charged you in my charge, so you will go back to your jury room and come back with whatever your proper verdict is. It would be either guilty as a principal or not guilty, not as an aider and abettor. You can go back to your jury room.

(The Jury returned to the jury room for further delibera-

tions and returned to the courtroom, and the following transpired:)

"THE CLERK: Members of the jury, have you agreed upon a verdict?

"THE FOREMAN: Yes.

"THE CLERK: How do you find the defendant, guilty or not guilty of an attempt to non-felonious breaking and entering?

"THE COURT: No, wasn't it guilty or not guilty of non-felonious breaking and entering?

"THE CLERK: *How do you find the defendant, guilty or not guilty of non-felonious breaking and entering?*

"THE FOREMAN: *Guilty.* (Emphasis added.)

"THE CLERK: You find the defendant guilty of non-felonious breaking and entering. So say you all."

Thereupon Judge Froneberger entered judgment that the defendant be imprisoned for a term of two years, and commitment was issued to place the sentence into effect.

On 19 February 1968 defendant filed an application for Writ of *Habeas Corpus* in the Gaston Superior Court, alleging that he had been sentenced to a term of imprisonment for an offense (non-felonious breaking and entering) of which the jury had found him not guilty. The Writ was issued and returned before Snepp, J., during the 19 February 1968 Session of Gaston Superior Court. After hearing on the return to the Writ, Judge Snepp found in substance that: (1) defendant was tried upon a valid bill of indictment, (2) the minutes of the court reflect that defendant was found guilty of non-felonious breaking and entering, and was sentenced to a term of two years, and (3) defendant is presently in custody pursuant to commitment issued under the judgment. Thereafter Judge Snepp concluded that the Superior Court of Gaston County had jurisdiction of the defendant and the subject matter, and the sentence was within the statutory limit.

Judge Snepp's Order denied relief and remanded defendant to custody. Defendant petitioned this Court for Writ of *Certiorari* which was allowed.

*T. W. Bruton, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Robert H. Forbes for defendant-petitioner.*

BROCK, J.

The Petition for Writ of *Certiorari* was filed in this Court on 19 April 1968. The Attorney General filed Answer thereto on 2 May 1968, and the Petition was first considered by this Court on 6 May 1968. Because of the content of the Petition, on 8 May 1968, we directed counsel for defendant-petitioner to file additional record. The additional record was filed by counsel on 18 June 1968, and we allowed *certiorari* on 24 June 1968. The case was set for argument during the first week of the Fall Session 1968 (the week of 19 August 1968).

[1, 2] It is manifest that the jury returned a verdict of not guilty upon the offense of non-felonious breaking and entering when first queried by the clerk. The additional words "[w]e find him guilty of aiding and abetting" are not a part of the legal verdict on the offense being inquired of, and will be treated as mere surplusage. *State v. Rhinehart*, 267 N.C. 470, 148 S.E. 2d 651. These additional words were so treated by the trial court because the clerk immediately inquired again as to the verdict on the offense of non-felonious breaking and entering, and the foreman of the jury replied, not guilty. Certainly after this second inquiry, it is clear that the jury had returned a verdict of not guilty of the offense of non-felonious breaking and entering, and it should have been so recorded. A verdict is a substantial right, and whenever the verdict is complete, sensible and responsive to the bill of indictment, it must be accepted by the court. 3 Strong, N. C. Index 2d, Criminal Law, § 126, p. 41.

[3] The further voluntary statement by the foreman of the jury, when reading from a slip of paper in his hand, did not constitute a sensible or responsive verdict, and the trial judge correctly required the jury to deliberate again upon its verdict. However, under the proceedings up to that point, the further jury consideration should have been restricted to a determination of the defendant's guilt or innocence of an *attempt* to commit a non-felonious breaking and entering.

[4] When the jury returned the second time the clerk made the proper inquiry, but the trial judge erroneously directed that the inquiry should be made as to its verdict upon the offense of non-felonious breaking and entering. It appears that this was an inadvertence on the part of the trial judge, nevertheless it constituted error. The jury having already rendered its verdict of not guilty of this offense in a clear, sensible and responsive fashion, it could not thereafter change that verdict to guilty. *State v. Hamilton*, 250 N.C. 85, 108 S.E. 2d 46. It follows that the trial court was without ju-

risdiction to enter judgment upon the purported verdict as announced after redeliberation.

[5] The petition which was heard by Judge Snepp was entitled "Application for Writ of Habeas Corpus," however the allegations of the petition attack the judgment upon grounds of error in recording the verdict of the jury. The alleged error in recording the verdict is established by the Record on Appeal before us, to which the Solicitor attached his acceptance of service without objection or exception. The transcript of the taking of the verdict, as set out in our statement of facts, was introduced at the hearing before Judge Snepp after identification by the Assistant Clerk of Superior Court, and the Assistant Clerk also testified from her own knowledge that the jury first returned a verdict of not guilty of the offense of non-felonious breaking and entering. It seems clear to us that Judge Snepp considered the application and the hearing as a strict *habeas corpus* proceeding under G.S. 17-3, *et seq.* In so doing Judge Snepp committed error.

It is the substance of the application, or petition, and the relief which is sought thereunder that determines its true nature, not the title appended thereto by the petitioner. The application, or petition, should have been considered, and the hearing conducted, under the provisions of G.S. 15-217, *et seq.*

The Attorney General concedes that he can find no distinction between this case and the rationale of *State v. Rhinehart, supra; State v. Gatlin,* 241 N.C. 175, 84 S.E. 2d 880; and *State v. Hamilton, supra.*

The Order of Judge Snepp, entered 23 February 1968 is reversed, and this cause is remanded to the Superior Court of Gaston County to the end that the presiding judge (1) strike the verdict of guilty of non-felonious breaking and entering, (2) record the verdict of not guilty, and (3) vacate the judgment by Froneberger, J., entered during the second week of the 9 October 1967 Session.

In view of the delay in getting this matter before this Court after the hearing on 23 February 1968, this Court upon its own motion has this day caused a Writ of Habeas Corpus to issue to the Director of the Department of Correction directing him, or his authorized agent, to have the defendant before the presiding judge of Gaston County Superior Court at ten o'clock a.m., on Monday, 26 August 1968, to the end that said presiding judge may enter an order for defendant's immediate release from confinement under the commitment issued from the Superior Court of Gaston County in case number 67-477 on 20 October 1967, during the second week of

the 9 October 1967 Session. After inquiry into whether there is other authority for restraining the defendant of his liberty, the presiding judge shall enter an appropriate order of discharge from or remand to custody.

The Clerk of this Court is directed to forthwith certify a copy of this opinion to the Clerk of Superior Court of Gaston County to the end that the matter be immediately brought to the attention of the presiding judge for his compliance with the terms of the foregoing paragraphs.

Reversed and remanded.

BRITT and PARKER, JJ., concur.