IN THE MATTER OF THE TESTAMENTARY TRUST OF
ETHYLENE R. CHARNOCK, DECEASED

No. COA02-820

(Filed 20 May 2003)

## 1. Trusts— replacement of trustee—jurisdiction

The superior court correctly dismissed for lack of subject matter jurisdiction an action to modify a trust by replacing the trustee. The more specific statute will prevail over the more general; N.C.G.S. § 36A-23.1 specifically governs removal of a testamentary trustee and grants exclusive jurisdiction to the clerk of superior court, while N.C.G.S. § 36A-125.4 refers in general terms to modification and grants jurisdiction to the superior court. Moreover, N.C.G.S. § 36A-125.4 compels modification upon consent of beneficiaries; to permit removal of trustees selected by the settlor simply upon the consent of the beneficiaries and with

**IN RE TESTAMENTARY TR. OF CHARNOCK**

[158 N.C. App. 35 (2003)]

no showing of incompetence or malfeasance would gut the provisions of N.C.G.S. § 36A-23.1 and its attendant statutes, as well as the common law rule of respect for the testator's intent.

**2. Costs— lack of subject matter jurisdiction—jurisdiction to tax costs**

A trial court order taxing costs to petitioners was remanded for a hearing and order on the amount of the costs. The court's determination that it lacked subject matter jurisdiction did not deprive it of jurisdiction to tax costs, but appellants filed notice of appeal two minutes after judgment was entered, depriving the court of jurisdiction to rule further on the issue.

Judge WYNN dissenting.

Appeal by petitioners from judgment entered 23 May 2002 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 19 February 2003.

*Wyatt Early Harris Wheeler, L.L.P., by William E. Wheeler, for petitioners-appellants.*

*Molly N. Howard, for guardian ad litem-appellee.*

*Schoch & Schoch, by Arch K. Schoch IV, and Robinson, Bradshaw & Hinson, P.A., by Graham D. Holding, Jr. and Edward F. Hennesey, IV, for respondent-appellee.*

LEVINSON, Judge.

Petitioners-appellants appeal from an order dismissing for lack of subject matter jurisdiction their petition for modification of an irrevocable trust, and from an order taxing costs to appellants. For the reasons that follow, we affirm.

The pertinent facts are summarized as follows: On 2 February 2000, Ethylene R. Charnock (decedent) died testate, leaving a Last Will and Testament (the will) dated 8 July 1999. Item III of the will provided for the creation of an irrevocable testamentary trust (the trust) to which decedent bequeathed her entire estate. The trust named attorney Ben Farmer (respondent-appellee) as trustee for Sabrina C. Schumaker (Sabrina), decedent's sole heir and the sole principal beneficiary of the trust. The will authorized appellee, as trustee, to "hold the property . . . and to invest and reinvest the same, to collect the income therefrom, and to apply so much of the princi-

pal . . . to the support, education, welfare, and maintenance of [Sabrina] as [appellee] shall deem necessary and proper[.]" The will also provided that upon Sabrina's death the "unexpended principal, together with any accumulated trust income" should be divided among her surviving brothers and sisters and the living children of any predeceasing brother or sister. Appellee was further directed to "consider my opinions with regard to Trust disbursements as expressed in any handwritten letters of intent[.]" One such letter advised appellee to "hold as much as possible for [Sabrina's] future, but in case of medical emergency use your judgment." High Point Bank and Trust Company was named alternate Trustee, in the event appellee was unable to serve.

Following decedent's death, the trust was funded, and appellee acted as trustee. The decedent's handwritten letter gave Sabrina permission to remove desired personal items from decedent's house upon her death, and also directed appellee to pay Sabrina the sum of $500.00 a month. Appellee planned to sell the house, conceded by appellants to be a trust asset, after Sabrina removed her personal property. However, upon decedent's death, Sabrina moved into the house and refused to leave. Consequently, appellee agreed that Sabrina could remain in decedent's house, and that the trust would pay for major repairs, yard work, property taxes, and homeowners' insurance. Appellee concluded that, in view of this arrangement, Sabrina was not entitled to "occupy her mother's residence, deny the Trust the . . . investment opportunity contemplated by her mother, and receive a monthly $500.00 Trust distribution[.]" He wrote Sabrina that he would not start paying Sabrina a monthly check unless she would "vacate the residence and thus allow the Trust to receive the sale distribution originally contemplated by the Testatrix." Sabrina contended that she should receive the $500.00 a month, notwithstanding her living in the house with major expenses paid by the trust, and appellee's position in this regard led to conflict between them. In September, 2001, Sabrina filed a grievance against appellee with the North Carolina State Bar, which was dismissed 7 December 2001.

On 14 February 2002, appellants (decedent's siblings and Sabrina) filed a petition in superior court for modification of a trust, naming trustee Ben Farmer, appellee, as respondent. The sole "modification" requested by appellants was that the trial court remove Farmer as trustee, and replace him with two specific co-trustees: Wendy Ward Heafner, decedent's niece and a potential beneficiary of the trust; and

High Point Bank and Trust Company, the alternate trustee under the terms of decedent's will.

Appellee filed an answer asserting several defenses including the superior court's lack of subject matter jurisdiction over a proceeding to remove a trustee, and appellants' failure to join all necessary parties. Appellee's answer sought dismissal of appellants' petition for modification, and costs. Upon motion by appellants, a guardian *ad litem* (GAL) was appointed to represent the interests of any unknown, unborn, or potential beneficiaries. The GAL filed an answer on 3 May 2002, assenting to the proposed modification. On 13 May 2002, appellants filed a reply to appellee's response to the petition. Appellee's motion for dismissal was heard 20 May 2002. Following the hearing, appellants filed a request with the trial court, asking the court to delay its substantive ruling until appellants had determined whether any other possible future beneficiaries were required to consent to their proposed modification, and, if so, to give appellants time to obtain the necessary signatures. On 23 May 2002, the trial court dismissed appellants' petition for modification of a trust on the grounds that the court lacked subject matter jurisdiction. In its order, the court noted that as a result of its ruling, appellants' request for time to obtain the consent of additional beneficiaries was rendered moot. The court also taxed costs to appellants. From this order, the petitioners appealed.

## Subject Matter Jurisdiction

### I.

**[1]** Appellants, joined by the GAL, appeal from the trial court's dismissal for lack of subject matter jurisdiction. "Jurisdiction of the court over the subject matter of an action is the most critical aspect of the court's authority to act. Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question[, and] . . . is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." N.C.R. Civ. P. 12(h)(3).

Appellants contend that their petition asked the trial court to 'modify' the trust by "substitution of trustees . . . from a single individual trustee to co-trustees where one co-trustee is an institutional fiduciary and the other an individual member of a class of persons

who might constitute future beneficiaries." Appellants characterize this as a proceeding for modification of the terms of the trust instrument, in which appellee's removal is merely an incidental effect of the change. They analogize it to a petition for termination of a trust, in which the trustee is removed as a consequence of the trust's termination. On this basis, appellants assert that jurisdiction was proper under N.C.G.S. § 36A-125.4 (2001), "Modification or termination [of irrevocable trust] by consent of beneficiaries," which provides in pertinent part as follows:

> Except as provided in subsection (b) of this section, if all beneficiaries of an irrevocable trust consent, they may compel modification or termination of the trust in a proceeding before the superior court.

G.S. § 36A-125.4(a). Appellee, on the other hand, argues that appellants' petition is properly characterized as a proceeding to remove a trustee, and thus is in the exclusive jurisdiction of the clerk of court, pursuant to N.C.G.S. § 36A-23.1(a)(1) (2001).

This Court is not bound by appellants' characterization of their petition as one for modification of a trust, rather than for removal of a trustee. "It is the substance of the application, or petition, and the relief which is sought thereunder that determines its true nature, not the title appended thereto by the petitioner." *State v. Hamrick*, 2 N.C. App. 227, 232, 162 S.E.2d 567, 570 (1968). It has long been the law that "[t]he nature of the action is not determined by what either party calls it, but by the issues arising on the pleadings and by the relief sought." *Hayes v. Ricard*, 244 N.C. 313, 320, 93 S.E. 2d 540, 545-46 (1956). We will, therefore, undertake our own inquiry into the "the issues arising on the pleadings" and "the relief sought" in appellants' petition.

## II.

Appellants' petition was confined to a specific request for removal of appellee Farmer as trustee, because "[p]etitioners . . . are dissatisfied with the conduct of Respondent as Trustee of the Trust[,]" and for replacement of appellee with a named individual, the niece of one of the appellants, who would act as co-trustee along with the bank originally named by settlor as alternate trustee. The petition is focused exclusively on replacement of appellee by a particular family member, and does not establish that the beneficiaries sought, or consented to, a <u>general</u> change in the terms of the trust instrument to provide for administration by any competent pair of co-trustees,

regardless of their identities. For example, the petition clearly indicates that the beneficiaries did <u>not</u> consent to administration of the trust by appellee and High Point Bank and Trust Company as co-trustees. G.S. § 36A-125.4 requires the consent of all beneficiaries to a proposed modification of the trust, and does not authorize the trial court to presume consent.

Further, a review of the issues raised and relief sought in appellants' petition suggests that appellants' petition was in the nature of an action to remove appellee as trustee. In their petition to modify the trust, appellants alleged in relevant part the following:

> 15. Petitioners . . . are <u>dissatisfied with the conduct of Respondent</u> as Trustee of the Trust and are <u>desirous of making certain modifications</u> to the Trust, the effect of which would be <u>to remove Respondent as Trustee</u>, and to establish certain new Trustees.
>
> . . . .
>
> 17. As a result of the foregoing, Petitioners desire the <u>Trust to be modified as follows</u>: a. <u>All reference to Ben Farmer [respondent] as Trustee</u> . . . <u>shall be eliminated</u>. b. The reference in the first full paragraph of the Trust . . . to [respondent] shall be modified to insert the following as Co-Trustees . . . in the place of [respondent]: Wendy Ward Heafner . . . and High Point Bank and Trust Company; . . .
>
> 18. a. The Modification <u>does not effect any substantive change to the Trust</u>[.]

(emphasis added). In their reply to appellee's answer, appellants stated:

> 4. . . . the <u>only effect of the modification</u> proposed by Petitioners <u>is to remove Respondent as trustee</u> of the Trust, and appoint High Point Bank (named as alternate trustee by Decedent in the original Trust) and Wendy Heafner (Decedent's niece and a potential remainder beneficiary under the Trust) as substitute co-trustees. . . .
>
> . . . .
>
> 6. . . . Rather than engaging in a contentious, protracted and disagreeable continuing relationship with Respondent, <u>Petitioners</u>

feel it is time to have a new trustee appointed; hence their Petition in this proceeding.

. . . .

9. . . . the only effect of [this] modification is to change trustees. Respondent has failed to carry out Decedent's specific written instructions. . . .

(emphasis added). No modification to the substantive terms of the trust was proposed. We also note that appellants explicitly stated that the basis for their petition was dissatisfaction with appellee as trustee. Moreover, appellants' petition provides that if either proposed co-trustee proved "unwilling" to serve, the other would act as sole trustee. The ease with which administration by the "co-trustees" could be returned to administration by a single (replacement) trustee further underscores the absence of any commitment to a genuine modification in the terms of the trust instrument. We conclude that the "substance of the . . . petition, and the relief which is sought" establish that appellants' request for "modification" of the trust is properly characterized as a motion for removal of appellee as trustee.

Appellants have urged this Court to hold that it is generally permissible to bring a proceeding under G.S. § 36A-125.4 to modify the administration of a trust from one trustee to administration by two co-trustees. However, regardless of whether or not all possible future beneficiaries executed signed consents to appellants' petition, their petition does not establish consent by the beneficiaries to a structural or substantive change in the terms of the trust, but only to the removal and replacement of a particular trustee. We conclude that this appeal does not present the general question of whether beneficiaries of a testamentary trust may properly bring an action to modify the terms of a trust instrument to provide for administration by two co-trustees, rather than by a single trustee. Nor does this appeal require us to determine whether, in the event such a proceeding is proper, it should be brought in superior court or before the clerk of court. We therefore express no opinion on these issues.

III.

We next consider whether, as a proceeding to remove or replace a specific trustee, appellants' petition could properly be brought under G.S. § 36A-125.4. The trustee of an irrevocable testamentary trust is a fiduciary. N.C.G.S. § 36A-1(a) (2001) ("the word 'fiduciary' . . . include[s] a . . . trustee[.]"); N.C.G.S. § 36A-22.1(2)

(2001) (a fiduciary "includes . . . trustees."). As a fiduciary, a trustee must "observe the standard of judgment and care under the circumstances then prevailing, which an ordinarily prudent person of discretion and intelligence, who is a fiduciary of the property of others, would observe as such fiduciary[.]" N.C.G.S. § 36A-2 (2001).

Under N.C.G.S. § 7A-103(14) (2001), the clerk of superior court is generally authorized to "[a]ppoint and remove guardians and trustees, as provided by law." When the proceeding is one to remove a *testamentary* trustee, the clerk's jurisdiction is exclusive, pursuant to N.C.G.S. § 36A-23.1 (2001), which provides in relevant part that:

> The clerks of superior court of this State have <u>original jurisdiction</u> over <u>all proceedings</u> initiated by interested persons <u>concerning the internal affairs of trusts</u> except proceedings to modify or terminate trusts. Except as provided in subdivision (3) of this subsection, the <u>clerk's jurisdiction is exclusive</u>. Proceedings that may be maintained under this subsection are those concerning the administration and distribution of trusts, . . . and the determination of other matters involving trustees and trust beneficiaries, . . . <u>includ[ing] proceedings</u>:
>
> (1) To <u>appoint or remove a trustee</u>[.]

G.S. § 36A-23.1(a)(1) (emphasis added).

A trustee may be removed for a breach of fiduciary duty, or for a violation of the Uniform Trust Act. N.C.G.S. § 36A-81 (2001). "Trust beneficiaries may expect and demand the trustee's complete loyalty in the administration of any trust. Should there be any self-interest on the trustee's part in the administration of the trust which would interfere with this duty of complete loyalty, a beneficiary may seek the trustee's removal." *In re Trust under Will of Jacobs*, 91 N.C. App. 138, 143, 370 S.E.2d 860, 864, *disc. review denied*, 323 N.C. 476, 373 S.E.2d 863 (1988) (citing *Trust Co. v. Johnston*, 269 N.C. 701, 153 S.E. 2d 449 (1967)). Likewise, a trustee may be removed for "neglect of duty and mismanagement of the trust property. . . . [W]here the acts or omissions of the trustee are such as to show a want of reasonable fidelity, a court of equity will remove him." *Cavender v. Cavender*, 114 U.S. 464, 472, 29 L. Ed. 212, 214 (1885). *See also Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 n.6 (4th Cir. 1996) ("Removal of trustees is appropriate when the trustees have engaged in repeated or substantial violations of their fiduciary duties."), *cert. denied*, 519 U.S. 1077, 136 L. Ed. 2d 677 (1997). Thus, in a proceeding before the clerk

to remove a trustee, the clerk should determine if the trustee has proven incompetent, neglected his fiduciary duties, or abused his discretion, before ordering him removed:

> The court will not undertake to control the trustee with respect to the exercise of a discretionary power, except to prevent an abuse by him of his discretion. The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he 'acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment.'

*Woodard v. Mordecai*, 234 N.C. 463, 471, 67 S.E.2d 639, 644 (1951) (quoting 1 RESTATEMENT OF TRUSTS 2d § 187 (1971)).

In its order dismissing appellants' petition, the trial court stated that the dismissal was "without prejudice to Petitioners' rights, if any, to seek removal of the Trustee in an action before the Clerk of this Court pursuant to N.C.G.S. § 36A-23.1, *et. seq.*" Appellants acknowledge that they might have sought removal of appellee before the clerk of court, but contend that G.S. § 36A-125.4 provides an alternate mechanism to accomplish the same goal. Appellants argue that "[w]hile [appellants] may or may not have (or had) sufficient cause to justify a Petition to Remove [appellee] as trustee for cause under N.C.G.S. § 36A-23.1, they chose not to do so."

We observe that G.S. § 36A-125.4 does not set out the types of proceedings contemplated by the word 'modification,' which is a general term meaning "a change made" to something else. OXFORD ENCYCLOPEDIC ENGLISH DICTIONARY 928 (Judy Pearsall & Bill Trumble, eds., Oxford University Press 2d ed. 1995). In contrast, G.S. § 36A-23.1 specifically addresses the clerk's jurisdiction over proceedings to remove a trustee.

> [I]t is a well established principle of statutory construction that a section of a statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application.

*Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjust.*, 354 N.C. 298, 304, 554 S.E.2d 634, 638 (2001) (quoting *Utilities Com'm v. Electric Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969)). Thus, "where two statutes deal with the same subject matter, the more specific statute will prevail over the more general one." *Fowler v. Valencourt*, 334 N.C. 345, 349, 435 S.E.2d 530, 533 (1993).

Because G.S. § 36A-23.1 specifically governs removal of a testamentary trustee, while G.S. § 36A-125.4 refers in general terms to "modification," we conclude that G.S. § 36A-23.1 grants the Clerk of Superior Court exclusive jurisdiction over a case such as this, in which the substance of the petition is an action to remove and replace a particular trustee with one or more trustees.

## IV.

Our decision is also based in part upon the significant differences between proceedings under G.S. § 36A-23.1 and G.S. § 36A-125.4. Under N.C.G.S. § 36A-26.1 (2001), proceedings to remove a trustee require that all "known beneficiaries, trustees, or co-trustees not joined as petitioners shall be joined as respondents." The statute further confers upon "beneficiaries, creditors, or any other persons interested in the trust estate" the "right to answer the petition and to offer evidence against granting the petition." Upon receipt of the evidence the "[t]he clerk shall then proceed to hear and determine the matter as provided for in G.S. [§] 1-301.3." This statute directs the Clerk to "determine all issues of fact and law[,]" and to "enter an order or judgment . . . containing findings of fact and conclusions of law supporting the order or judgment." In entering its order, the clerk should respect the settlor's wishes regarding the choice of trustee, unless the trustee is for some reason no longer competent to serve:

> The testator has provided the method of administration of his estate desired by him, and he has entrusted that administration to those named in his will. . . . If the trustees are or become persistently disregardful of their fiduciary obligations, . . . adequate remedies are available . . . The court is not justified in altering a trust . . . [unless] it is necessary to preserve the trust and effectuate its primary purpose. This does not include the threat to the estate incident to squabbling between the trustees and beneficiaries regarding the proper administration of the trust.

*Carter v. Kempton*, 233 N.C. 1, 7-8, 9, 62 S.E.2d 713, 718, 719 (1950).

Thus, removal of a trustee for cause occurs in a context affording procedural safeguards and a certain measure of judicial oversight by the clerk of court. In contrast, G.S. § 36A-125.4 compels modification upon consent of beneficiaries. To permit removal of the trustee selected by the settlor, simply upon the consent of the beneficiaries and with no showing of incompetence or malfeasance, would gut the

provisions of G.S. § 36A-23.1, and attendant procedural statutes, as well as the common law rule of respect for the testator's intent. "To . . . substitute the court's discretion for that of the trustee would also undermine the intent of the testator and settlor of the trust. The intent of the testator is the polar star in the interpretation of wills." *Finch v. Wachovia Bank & Trust Co., N.A.*, 156 N.C. App. 343, 349, 577 S.E.2d 306, 310 (2003) (citing *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960)).

The dissent points out that G.S. § 36A-125.4 allows beneficiaries to bring an action for termination of a trust, and thereby frustrate the testator's intent. However, such a proceeding triggers judicial scrutiny:

> (b) Where the beneficiaries of an irrevocable trust seek to compel a termination of the trust or modify it in a manner that affects its continuance according to its terms, and if the continuance of the trust is necessary to carry out a material purpose of the trust, the trust cannot be modified or terminated unless the court in its discretion determines that the reason for modifying or terminating the trust under the circumstances substantially outweighs the interest in accomplishing a material purpose of the trust.

G.S. § 36A-125.4(b). Thus, proceedings to replace a trustee for cause, or to terminate a trust, are both carried out in the context of certain safeguards and judicial review. We also consider it significant that G.S. § 36A-23.1 was enacted in its present form two years after G.S. § 36A-125.4, suggesting an attempt to clarify that proceedings described in G.S. § 36A-23.1 were <u>not</u> within the ambit of G.S. § 36A-125.4.

### V.

Further, we reject appellants' argument that their petition to replace appellee with two specific trustees merely "arises out of" the administration of the trust, but is not "a part of" trust administration. Appellants correctly state the general rule, recently expressed by this Court in *State ex rel. Pilard v. Berninger*, 154 N.C. App. 45, 53, 571 S.E.2d 836, 841-42 (2002), *disc. review denied*, 356 N.C. 694, 579 S.E.2d 100 (2003):

> [T]ort claims against administrators of estates resulting from the manner in which the estate was administered are within the original jurisdiction of the trial division, not the clerk of superior court. . . . [C]laims such as breach of fiduciary duty, fraud, and

negligence are 'justiciable matters of a civil nature,' original general jurisdiction over which is vested in the trial division. . . . [W]hile the claims arise from administration of an estate, their resolution is not a part of 'the administration, settlement and distribution of estates of decedents' so as to make jurisdiction properly exercisable initially by the clerk.'

(quoting *Ingle v. Allen,* 69 N.C. App. 192, 195-96, 317 S.E.2d 1, 3, *disc. review denied,* 311 N.C. 757, 321 S.E.2d 135 (1984)). However, the instant case is not a tort claim against the administrator of a trust, and is not the type of case addressed in *Ingles, id.*

We hold that, on the facts of this case, the trial court properly dismissed appellants' petition for 'modification' of a trust. This assignment of error is overruled. Because we conclude that the trial court properly dismissed appellants' petition, we need not reach appellants' remaining arguments concerning the trial court's pre-hearing rulings.

### Taxing of Costs

[2] Appellants next argue that the trial court abused its discretion in taxing costs of this action to appellants. The appellants contend that if the trial court lacked jurisdiction to rule on their petition, it therefore was without jurisdiction to impose costs. However, the court's determination that an action should be dismissed does not deprive it of jurisdiction to tax costs, if appropriate. *See Locklear v. Scotland Memorial Hosp.,* 119 N.C. App. 245, 457 S.E.2d 764 (1995) (allowing defendant's motion to dismiss and taxing costs to plaintiffs).

Appellants also argue that they were not given an opportunity to be heard on the issue of costs. We note that appellants filed notice of appeal two (2) minutes after judgment was entered, thus depriving the trial court of jurisdiction to rule further on the issue. We affirm the trial court's order taxing costs to appellants, and remand for a hearing and order on the amount.

For the reasons discussed above, we hold that the trial court did not err by dismissing appellants' petition, or by taxing costs to appellants. Accordingly, the trial court's orders are

Affirmed and the matter Remanded for determination of costs.

Judge TIMMONS-GOODSON concurs in result only.

Judge WYNN dissents.

WYNN, Judge dissenting.

Because I believe that the Superior Court had subject matter jurisdiction to entertain appellant's petition regardless of whether it was characterized as a petition for modification or a petition for removing a trustee, I respectfully dissent. In my view, the General Assembly, in enacting Section 36A-125.4(a), expressly created an alternative mechanism for beneficiaries to remove a trustee: namely, removal without cause. The majority fails to reach this conclusion on the basis of two arguments premised respectively on a canon of statutory construction and our State's perceived reverence for a decedent's testamentary intentions. For the reasons stated herein, I believe these two arguments are without substance.

First, the majority holds that "because [Section] 36A-23.1 specifically governs removal of a testamentary trustee, while [Section] 36A-125.4 refers in general terms to 'modification,' that [Section] 36A-23.1 grants the Clerk of Superior Court exclusive jurisdiction over" the case *sub judice*. As noted by the majority, N.C. Gen. Stat. § 36A-23.1 provides that an "interested person" can petition the Superior Court Clerk to remove a testamentary trustee for cause. Although the majority apparently recognizes that, on its face, the provisions N.C. Gen. Stat. § 36A-125.4(a) provide an alternative mechanism of removing a trustee, the majority concludes that the specifically applicable provisions of Section 36A-23.1 control the generally applicable provisions of Section 36A-125.4(a).

Although the majority's first argument relies upon "well established principles of statutory construction," the majority does not adhere to a canon of statutory construction, often repeated by our Supreme Court, that "statutes dealing with the same subject matter must be construed in *pari materia* and harmonized, if possible, to give effect to each." *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 595, 528 S.E.2d 568, 571 (2000); *Board of Adjust. v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993). Accordingly, this Court should first attempt to harmonize statutes dealing with the same subject matter before limiting the expanse of one to accommodate another.

In the case *sub judice*, although Sections 36A-23.1 and 36A-125.4 deal with the same subject matter, the statutes provide distinct procedures and requirements for judicially addressing that subject matter. As previously noted, under Section 36A-23.1 *any* "interested person" can bring an action before the Superior Court Clerk to

remove a testamentary trustee for cause. Pursuant to Section 36A-125.4, however, "if *all* beneficiaries of an irrevocable trust *consent*, they may compel modification or termination of the trust in a proceeding before the superior court." (emphasis supplied). Thus, under Section 36A-23.1, removal of a trustee is premised on any interested person showing *cause*, whereas in Section 36A-125.4 modification or termination of a trust, and the lesser included decision to remove a trustee, is contingent upon the *consent of all beneficiaries*. Consequently, Sections 36A-23.1 and 36A-125.4 are easily harmonized by recognizing that Section 36A-125.4 provides a method of removing a trustee without cause.

Second, the majority states that a statute which would "permit removal of the trustee selected by the [testator], simply upon the consent of the beneficiaries [] with no showing of [cause], would gut . . . the common law rule of respect for the testator's intent." Despite the majority's concern for the testator's intent, the General Assembly, in enacting Section 36A-125.4, created an unambiguous and unequivocal power, where all the beneficiaries to an irrevocable trust may by consent, terminate the entire trust. Most assuredly, termination of an irrevocable trust is the ultimate frustration of the testator's intent. Nonetheless, the General Assembly has bestowed this power upon consenting beneficiaries. It follows that the mere frustration of the testator's intent is not a sound basis upon which to prevent removal of a trustee under Section 36A-125.4.

As this is an issue of first impression, and I do not agree with the majority's holding, I respectfully dissent.