IN RE TESTAMENTARY TR. OF CHARNOCK

[358 N.C. 523 (2004)]

IN THE MATTER OF THE TESTAMENTARY TRUST OF ETHYLENE R. CHARNOCK, DECEASED

No. 326A03

(Filed 25 June 2004)

**Trusts—modification—appointment of trustees—subject matter jurisdiction**

The trial court did not err by dismissing based on lack of subject matter jurisdiction petitioner's case arising out of a request for modification of a trust seeking to remove the trustee designated by the testatrix and to appoint new co-trustees, because: (1) the request for modification of the trust was properly characterized as a motion for removal of respondent-appellee as trustee; and (2) the plain language of N.C.G.S. § 36A-23.1(a) provides that the clerk of superior court has exclusive jurisdiction over the removal and appointment of trustees.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 158 N.C. App. 35, 579 S.E.2d 887 (2003), affirming a judgment entered 23 May 2002 by Judge Catherine C. Eagles in Superior Court, Guilford County. Heard in the Supreme Court 18 November 2003.

*Wyatt Early Harris Wheeler, LLP, by William E. Wheeler, for petitioner-appellants Sabrina C. Schumaker, Cleta Mae Kearns, Bernice Ragsdale, Delbert Ragsdale, Faedene Maness, and Daisy Vestal.*

*Molly N. Howard for guardian ad litem-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Edward F. Hennessey, IV, for respondent-appellee Ben Farmer.*

PARKER, Justice.

The issue before this Court is whether the Court of Appeals erred in affirming an order dismissing petitioners' case for lack of subject matter jurisdiction.

On 8 July 1999 Ethylene R. Charnock (decedent) executed a will that had been prepared for her by respondent Ben Farmer. Ms. Charnock's will left her entire estate in an irrevocable trust for the benefit of her daughter, Sabrina C. Schumaker (Schumaker), for life.

The trust provided that any unexpended principal and trust income left over at Schumaker's death would be paid over to Ms. Charnock's five siblings (or to the living issue of any predeceasing sibling) in fee simple. The will named Ben Farmer as trustee, with High Point Bank and Trust Company named as an alternate trustee in the event Ben Farmer was unable to serve as Trustee for any reason. The will included a direction "to apply so much of the principal and net income thereof to the support, education, welfare, and maintenance of [Schumaker] as my Trustee shall deem necessary and proper." The will also directed the trustee to consider written instructions or opinions given to him by Ms. Charnock before her death. Ms. Charnock wrote a note dated 5 September 1999 which read:

> Also issue to Sabrina [a] monthly check in the amount of $500. This with the $550 (TIAA) and insurance should be sufficient for the time being. $500 could easily be generated from interest on the CD's. I want to hold as much as possible for her future—but in case of medical emergency use your judgment.

This letter, given to Ben Farmer by Ms. Charnock, also directed that "[a]t my death Sabrina is to receive anything in my home . . . she needs."

Ms. Charnock died on 2 February 2000. Respondent Ben Farmer acted as trustee and funded the trust. At Schumaker's request respondent agreed not to sell the house as he had intended. Respondent asserts that he and Schumaker agreed that Schumaker and her husband could live in Ms. Charnock's house and that the trust would pay the real estate taxes, insurance, major repairs, and yard maintenance; this arrangement was to be in lieu of Schumaker's $500 monthly check. In March of 2001 Schumaker, through counsel, requested the $500 monthly payments from the trust. Respondent wrote to Schumaker telling her that he would begin paying her that amount if she elected to move out of the house.

Decedent's five siblings and Schumaker entered into a "Consent and Agreement of Beneficiaries to Modification of Trust" (consent and agreement) and filed a "Proceeding for Modification of a Trust" (petition) on 14 February 2002 in superior court. The proposed modification was to change the number of trustees and to replace Ben Farmer as trustee with substitute co-trustees Wendy Heafner (a grandniece of decedent) and High Point Bank and Trust Company. Petitioners cited dissatisfaction with the conduct of Ben Farmer as trustee as the reason for the modification request. A *guardian ad*

IN RE TESTAMENTARY TR. OF CHARNOCK

[358 N.C. 523 (2004)]

*litem* was appointed by the court to represent the interests of any unknown or unborn potential beneficiaries of the trust. The *guardian ad litem* consented to the modification.

On 23 May 2002 the trial court entered judgment granting respondent's motion to dismiss for lack of subject matter jurisdiction. Costs of the action were taxed to the petitioners.

A divided panel of the Court of Appeals upheld the dismissal of the petition for lack of subject matter jurisdiction. *In re Testamentary Tr. of Charnock*, 158 N.C. App. 35, 579 S.E.2d 887 (2003). The Court of Appeals majority concluded that the request for modification of the trust was "properly characterized as a motion for removal of appellee as trustee." *Id.* at 41, 579 S.E.2d at 891. Therefore, the request fell under N.C.G.S. § 36A-23.1(a), which provides that clerks of superior court have exclusive jurisdiction over proceedings to remove a trustee. N.C.G.S. § 36A-23.1(a) (2001). In his dissent, Judge Wynn stated his opinion that the General Assembly "expressly created an alternative mechanism for beneficiaries to remove a trustee: namely, removal without cause" by enacting N.C.G.S. § 36A-125.4(a). *Charnock*, 158 N.C. App. at 47, 579 S.E.2d at 894. Thus, by this reasoning, the superior court had subject matter jurisdiction to hear the petition.

Before this Court the petitioners contend that their request to modify the trust by changing the number of trustees constitutes a modification for purposes of N.C.G.S. § 36A-125.4, bringing this matter within the jurisdiction of the superior court. N.C.G.S. § 36A-125.4 (2001). We disagree.

At the time this proceeding was instituted, section 36A-23.1(a) directed that

[t]he clerks of superior court of this State have original jurisdiction over all proceedings initiated by interested persons concerning the internal affairs of trusts except proceedings to modify or terminate trusts. Except as provided in subdivision (3) of this subsection, the clerk's jurisdiction is exclusive. Proceedings that may be maintained under this subsection are those concerning the administration and distribution of trusts, the declaration of rights, and the determination of other matters involving trustees and trust beneficiaries, to the extent that those matters are not otherwise provided for in the governing instrument. These include proceedings:

(1) To appoint or remove a trustee; . . .

(3) To ascertain beneficiaries, to determine any question arising in the administration or distribution of any trust, including questions of construction of trust instruments, and to determine the existence or nonexistence of trusts created other than by will and the existence or nonexistence of any immunity, power, privilege, duty, or right. The clerk, on the clerk's own motion, may determine that a proceeding to determine an issue listed in this subdivision shall be originally heard by a superior court judge.

N.C.G.S. § 36A-23.1(a) (2001). Effective 1 January 2004, the first sentence of this statute was amended to delete the words "to modify or terminate trusts" and to read "except proceedings governed by Article 11A of this Chapter." Act of June 26, 2003, ch. 261, sec. 1, 2003 N.C. Sess. Laws 440, 440. This amendment applied to all trusts, including the irrevocable trust at issue here. *Id.*, sec. 8, 2003 N.C. Sess. Laws at 443.

Modifications and terminations of irrevocable trusts are addressed by Article 11A of Chapter 36A, "Trusts and Trustees," of the North Carolina General Statutes. Article 11A, titled "Modification and Termination of Irrevocable Trusts," provides for modification by the consent of beneficiaries: "Except as provided in subsection (b) of this section, if all beneficiaries of an irrevocable trust consent, they may compel modification or termination of the trust in a proceeding before the superior court." N.C.G.S. § 36A-125.4(a) (2001). The statute goes on to say that if the beneficiaries seek to modify the trust

in a manner that affects its continuance according to its terms, and if the continuance of the trust is necessary to carry out a material purpose of the trust, the trust cannot be modified or terminated unless the court in its discretion determines that the reason for modifying or terminating the trust under the circumstances substantially outweighs the interest in accomplishing a material purpose of the trust.

N.C.G.S. § 36A-125.4(b) (2001).[1]

---

1. Effective 30 May 2003, subsection (b) of this statute was amended to read as follows:

Where the beneficiaries of an irrevocable trust seek to compel a termination of the trust and the continuance of the trust is necessary to carry out a material purpose of the trust, or where the beneficiaries seek to compel a modification of the trust in a manner that is inconsistent with its material purpose, the trust cannot

IN RE TESTAMENTARY TR. OF CHARNOCK

[358 N.C. 523 (2004)]

Under both the pre- and post-amendment versions of N.C.G.S. § 36A-23.1, the clerk of superior court lacked original jurisdiction over proceedings to "modify or terminate" a trust. Thus, an action that is characterized as a modification must be brought before the superior court. The nature of an action will, therefore, determine whether jurisdiction over the action lies with the clerk of superior court or with the superior court.

In this case, the beneficiaries sought to change the terms of the trust by changing the number of trustees from a single trustee to two co-trustees. The result of this action would be to remove the existing trustee, respondent Ben Farmer, and replace him with the proposed co-trustees Wendy Heafner and the High Point Bank and Trust Company. However, with respect to Wendy Heafner, the consent and agreement provided:

> In the event Wendy Heafner resigns, dies, becomes incapacitated, incapable or unwilling to act as Co-trustee, High Point Bank and Trust Company, and its successors in interest, shall serve as sole Trustee and shall possess all powers and duties originally granted under the Trust.

The consent and agreement further provided that Wendy Heafner would receive no compensation and that High Point Bank and Trust Company would receive compensation in accordance with its applicable fee schedule. The petition recited that the "Modification does not effect any substantive change to the Trust."

After considering the substance of the petition and of the consent and agreement, the Court of Appeals majority concluded that petitioners' "request for 'modification' of the trust is properly characterized as a motion for removal of [respondent] as trustee." *Charnock*, 158 N.C. App. at 41, 579 S.E.2d at 891. The majority further determined that the "petition does not establish consent by the beneficiaries to a structural or substantive change in the terms of the trust, but only to the removal and replacement of a particular trustee." *Id.* The Court of Appeals concluded that "this appeal does not present the general question of whether beneficiaries of a testamentary trust may properly bring an action to modify the terms of a trust instrument to provide for administration by two co-trustees, rather than by a single

---

be modified or terminated unless the court in its discretion determines that the reason for modifying or terminating the trust under the circumstances substantially outweighs the interest in accomplishing a material purpose of the trust.

Act of May 30, 2003, ch. 93, sec. 1, 2003 N.C. Sess. Laws 119, 119.

°trustee." *Id.* Accordingly, the Court of Appeals did not determine the issue of whether a proper proceeding to provide for the administration of the trust by co-trustees rather than a single trustee would be brought before the clerk of superior court or the superior court.

The dissent does not disagree with these conclusions by the majority. Rather the dissent's position is that regardless of whether the petition is "characterized as a petition for modification or a petition for removing a trustee," section 36A-125.4 provides "an alternative mechanism" for beneficiaries to remove a trustee without showing cause. *Id.* at 47, 579 S.E.2d at 894.

Thus, the issue of whether the petition was for modification of the trust has been resolved against petitioner and is not a basis for appeal. N.C. R. App. P. 16(b). The sole issue before this Court is whether the trial court had subject matter jurisdiction to hear a proceeding to remove the trustee designated by the testatrix and appoint new co-trustees. In this regard we note that although the trial court did not make a specific finding, the trial court by implication found that this proceeding was one to remove a trustee. The trial court's judgment states, "This dismissal shall be without prejudice to Petitioners' rights, if any, to seek removal of the Trustee in an action before the Clerk of this Court pursuant to G.S. § 36A-23.1, *et seq.*"

In ascertaining legislative intent, the Court looks first to the language of the statute and gives the words their ordinary and plain meaning. *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999). Section 36A-23.1(a) by its plain language gives the clerk of superior court exclusive jurisdiction over the removal and appointment of trustees. By contrast, section 36A-125.4 says nothing about the removal of a trustee but addresses only the modification or termination of an irrevocable trust by consent of the beneficiaries. Of note, Article 11A, including section 36A-125.4, was enacted in 1999, Act of July 9, 1999, ch. 266, sec. 2, 1999 N.C. Sess. Laws 982, 984, and section 36A-125.4 was amended in 2003, Act of May 30, 2003, ch. 93, sec. 1, 2003 N.C. Sess. Laws 119, 119. Section 36A-23.1(a) was enacted in 2001, Act of Sept. 14, 2001, ch. 413, sec. 1, 2001 N.C. Sess. Laws 1594, 1595-96, and was amended in 2003, ch. 261, sec. 1, 2003 N.C. Sess. Laws at 440-41, to refer specifically to Article 11A pertaining to modification and termination of an irrevocable trust. From this treatment of these statutes by the General Assembly, the inference can be drawn that the legislature did not intend for "modification of a trust" to include the removal and appointment of a trustee or for section 36A-125.4 to be an alterna-

tive mechanism for removal of a trustee without cause by consent of the beneficiaries. *See Victory Cab Co. v. Charlotte*, 234 N.C. 572, 576, 68 S.E.2d 433, 436 (1951) (where the meaning of a statute is doubtful, "statutory changes over a period of years" may be considered to ascertain its true meaning). "[A] statute dealing with a specific situation controls, with respect to that situation, other sections which are general in their application." *State ex rel. Util. Comm. v. Lumbee River Elec. Membership Corp.*, 275 N.C. 250, 260, 166 S.E.2d 663, 670 (1969).

Given the plain language of N.C.G.S. § 36A-23.1(a) that the clerk of superior court has exclusive jurisdiction over the removal and appointment of trustees, we conclude the trial court did not have subject matter jurisdiction over petitioners' petition. Accordingly, for the reasons stated herein, the decision of the Court of Appeals affirming the trial court's dismissal of petitioners' petition is affirmed.

AFFIRMED.

