Justice MORGAN dissenting.
Based upon application of the rudimentary principles of statutory construction, I respectfully disagree with the decision of my learned colleagues. In reaching the result in this case, the majority has devalued, and essentially ignored, the operation of the descriptive word "specific"
**668 in its interpretation of North Carolina General Statutes Section 8C-1, Rule 412(b)(2) and this provision's usage in the present case.
"Statutory interpretation properly begins with an examination of the plain words of the statute." Three Guys Real Estate v. Harnett County , 345 N.C. 468, 472, 480 S.E.2d 681, 683 (1997) (quoting Correll v. Div. of Soc. Servs ., 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) ). "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it plain and definite meaning...." Williams v. Williams , 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980) (first citing State ex rel. Utils. Comm'n v. Edmisten , 291. N.C. 451, 232 S.E.2d 184 (1977), and then citing Peele v. Finch , 284 N.C. 375, 200 S.E.2d 635 (1973) ); see also In re Tr. of Charnock , 358 N.C. 523, 528, 597 S.E.2d 706, 709-10 (2004) (stating that "the Court looks first to the language of the statute and gives the words their ordinary and plain meaning" (citing Frye Reg'l Med. Ctr., Inc. v. Hunt , 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) ) ).
Rule 412(b)(2) contains the following language:
(b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
....
(2) Is evidence of specific instances of sexual behavior offered for the purpose *584 of showing that the act or acts charged were not committed by the defendant....
N.C.G.S. § 8C-1, Rule 412(b)(2) (2017) (emphasis added).
The majority here has determined that defendant's offer of proof at trial indicated that the Rule 412(b)(2) exception of the "Rape Shield Law" was properly invoked so as to justify the admission into evidence of the alleged victim's sexually transmitted diseases, or STDs. The majority expressly focused upon (1) the observations of defendant's proposed medical expert that the minor alleged victim had two different STDs at the time of her medical examination on 6 May 2013; neither of which "would have been acquired as non-sexually transmitted diseases," and that defendant "had no evidence of either infection" on 9 May 2013; and (2) the "expert opinion that it is not likely that the [complainant][1] and defendant engaged in unprotected sexual activity over a long period **669 of time without transmitting either the Trichomonas, the Herpes simplex infection, or both, to the defendant." Based upon the presence of STDs in the alleged victim and the absence of the same STDs in defendant, the majority reasons that such evidence would afford defendant a permissible inference that he was not guilty and "diminishes the likelihood of a three-year period of sexual relations" between defendant and the alleged victim, to which she testified at trial. Therefore, the majority concludes in the instant case that "the relevant evidence in defendant's offer of proof fell within the Rule 412(b)(2) exception" and that defendant had correctly argued this point "because the evidence was 'evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant,' " thus making the evidence admissible under that provision.
Nestled within the cited words of the opinion offered by defendant's proposed medical expert was his observation that the alleged victim would not have contracted the identified STDs in any non-sexual manner. This conclusion obviously conveyed that the alleged victim had engaged in "sexual behavior" as that term is used in Rule 412, which therefore activates this Rape Shield Law's dictate that "the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless" one of the exceptions under Rule 412(b) applies so as to permit such proscribed evidence to be admitted at trial. Although the majority views the observations of defendant's proposed medical expert as satisfying the exception embodied in Rule 412(b)(2), there is no "evidence of specific instances of sexual behavior offered" by defendant through this offer of proof to "show[ ] that the ... acts charged were not committed by him." N.C.G.S. § 8C-1, Rule 412(b)(2) (emphasis added). While the disputed evidence at issue tends to show at least one instance of sexual behavior in which the alleged victim engaged, as demonstrated by her acquisition of STDs, nonetheless, the proposed medical expert's opinion in particular, and defendant's offer of proof in general, are bereft of any "instances of sexual behavior" by the alleged victim that contain any specific details as required by the clear and plain language of Rule 412(b)(2). Indeed, in my view, defendant's offer of proof references no instance of sexual behavior by the alleged victim for which he provided sufficient specificity, in light of the three-year time period placed in issue by the alleged victim's trial testimony, to qualify for the evidentiary exception under Rule 412 and hence to overcome the inherent protections afforded to a complainant by the Rape Shield Law.
Ironically, the majority demonstrates a recognition of exemplars of "specific instances" when it employs that statutory phrase to describe **670 the details conveyed by the alleged victim when relating the sexual acts in which she claimed defendant engaged her. The alleged victim's narration of the sexual encounters to which she testified depicts a truer representation of the term "specific instances" in Rule 412(b)(2) than the generalities present in defendant's proffered STD evidence. While I would not require a defendant seeking to employ the "specific instances" exception to present a level of particularity *585 approaching the alleged victim's list of vivid descriptions, an accused should nonetheless have to identify a time, place or circumstance in which a complainant was involved in "specific instances of sexual behavior" rather than merely complying with the majority's permissive substitution of a medical opinion referencing a diagnosis suggesting some instance of sexual behavior by the complainant. The majority unfortunately conflates the presence of the alleged victim's STDs, which could be the result of specific instances of her sexual behavior if any specific instances had been shown by defendant, with specific instances themselves.
"Since a legislative body is presumed not to have used superfluous words, our courts must accord meaning, if possible, to every word in a statute." N.C. Bd. of Exam'rs v. N.C. State Bd. of Educ ., 122 N.C. App. 15, 21, 468 S.E.2d 826, 830 (1996) (citing 2A Norman Singer, Sutherland Statutory Construction § 47.37 (5th ed. 1992) ), aff'd per curiam in part and disc. rev. improvidently allowed , 345 N.C. 493, 480 S.E.2d 50 (1997). In the case at bar, the majority has not applied this Court's well-established principles of statutory construction, especially with regard to the essential word "specific," that purposefully appears in N.C.G.S. § 8C-1, Rule 412(b)(2). For the reasons indicated, I would affirm the trial court's ruling that excluded the evidence of STDs pursuant to Rule 412 and affirm defendant's conviction, consistent with the outcome of this case in the Court of Appeals but based upon a different rationale.

This reference is to the alleged victim, "Betty."